UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Best Buy Stores, L.P., | |
| Plaintiff, | Civil Action No.: _____ |
| vs. | |
| Developers Diversified Realty Corporation, DDR GLH, L.L.C., and Benderson-Wainberg Associates, L.P., | **COMPLAINT** |
| Defendants. | |

### Preliminary Statement

1. This is an action on behalf of a store tenant against its landlord for breach of contract for failing to provide audit information and for overcharges of certain operating costs, including, but not limited to, charges for insurance; and for a declaratory judgment declaring the parties' specific rights under the terms of the lease agreement.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different States. Pursuant to 28 U.S.C. § 1391(a), venue in this judicial district is proper because the plaintiff is situated here and a substantial part of the events giving rise to the claims occurred here.

### The Parties

3. Plaintiff BEST BUY STORES, L.P. ("Best Buy") is a Virginia limited partnership with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.

MP3 20148050.1

SCANNED
SEP 30 2005
U.S. DISTRICT COURT MPLS

4. Upon information and belief, Defendant DEVELOPERS DIVERSIFIED REALTY CORPORATION ("DDR") is incorporated under the laws of the State of Ohio with its principal place of business at 3300 Enterprise Parkway, Beachwood, Ohio 44122.

5. Upon information and belief, Defendant DDR GLH LLC ("DDR GLH") is a Delaware limited liability company with its principal place of business at 3300 Enterprise Boulevard, Beachwood, Ohio 44122.

6. Upon information and belief, Defendant BENDERSON-WAINBERG ASSOCIATES, L.P. ("Benderson") is a Delaware limited partnership with its principal place of business at 8441 Cooper Creek Blvd., University Park, FL 34201.

**The Lease Agreement and Assignment**

7. Best Buy and Defendants are or were parties, as tenant and landlord, respectively, to a certain lease agreement dated August 25, 1995 ("Lease") for retail space ("Premises") within a shopping center ("Shopping Center") owned or formerly owned by the Defendants known as the Wrangleboro Consumer Square.

8. The Lease provides for a term of twenty lease years with four, five-year renewals.

9. Upon information and belief, effective May 21, 2004, the ownership interest of Benderson in the Lease was assigned by Benderson to Defendant DDR GLH, which is owned in whole or in part by Defendant DDR. Upon information and belief, DDR GLH is not licensed to do business in the state of Ohio, and is a mere fiction created DDR.

**Operating Cost Overcharges**

10. Among other things, the Lease provides for occupancy by Best Buy of the Premises described in the Lease and payment by Best Buy of rent and "additional rent" in the

form of fees and charges for the cost of operating and maintaining the common areas of the Shopping Center in which the Premises is located ("Operating Costs").

11. Pursuant to the Lease, estimated Operating Costs are billed to Best Buy at least one year in advance. At the end of the year during which these Operating Cost charges are incurred, the Defendants provide a statement (the "Reconciliation") to Best Buy which purports to represent "the actual amount" owed by Best Buy for Operating Costs. It is only upon receipt of the Reconciliation that Best Buy has notice of the actual amount to be paid for Operating Costs for any given year.

12. The Reconciliations provided by Defendants provide little or no information as to how the Operating Costs are calculated. The Reconciliations are generally single page documents that show the total amounts claimed by the Defendants for the numerous categories of charges that are included. There is no "backup" documentation that explains the purpose of the charges or the applicable method of calculation.

13. For the past several years, Best Buy has objected to the Reconciliations and made written demand for backup documentation from Defendants in order to determine whether they have been properly billed for Operating Costs, including the cost of insurance. Defendants have refused and have failed to provide such backup information, and have failed to act in good faith in their performance of their obligations under the Lease.

14. Upon information and belief, including comparisons with amounts that Best Buy pays at other shopping centers, Best Buy has been overcharged for Operating Costs, including charges for insurance.

## COUNT I
### (Breach of Contract)

15. Best Buy incorporates and realleges paragraphs 1 through 14 as if fully set forth

herein.

16. Best Buy entered into the Lease with the Defendants, pursuant to which it was to occupy the Premises at the Shopping Center. The Lease sets forth the relationships between the Tenant and the Landlord, including the method for calculating and billing of the Operating Charges.

17. Best Buy has performed all of the terms, conditions, covenants and promises to be performed on their part under the Lease, including full and proper payment of all amounts due and owing.

18. Upon information and belief, Defendants materially and continually breached the Lease by, among other things, failing to provide backup information for operating costs, failing to accurately calculate the Operating Costs owed by Best Buy, and by inflating the Operating Costs charged to Best Buy.

19. As a direct and proximate result of the aforementioned breaches, Best Buy has been damaged in an amount in excess of $75,000, the exact amount to be proven at trial. As a result of Defendants' breaches, Best Buy is also entitled to recover its attorneys' fees associated with this dispute pursuant to Article 44 of the Lease.

## COUNT II
### (Declaratory Judgment)

20. Best Buy incorporates and realleges paragraphs 1 through 19 as if fully set forth herein.

21. There is presently a ripe and justiciable controversy between the parties relating to the Landlords' calculation of the amounts owed by Best Buy for Operating Costs under the terms of the Lease and with respect to the Landlords' obligation to provide supporting material relating to the Operating Costs allegedly owed by Best Buy and charged by the Landlord.

22.     Best Buy is entitled to an Order from this Court declaring that the Defendants have overcharged Best Buy in an amount to be proven at trial, and declaring that Defendants have a duty to provide backup material related to the operating costs they seek to impose upon Best Buy pursuant to the terms of the Lease.

WHEREFORE, Best Buy prays for Judgment against Defendants in an amount to be proven at trial, including interest, attorneys' fees, and costs, together with a declaration of the rights and obligations of the parties under the terms of the Lease, and such other and further relief as the Court deems just and equitable.

DATED: September 30, 2005         **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
Thomas C. Mahlum (0259391)
Ryan D. Chandlee (0302454)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
612-349-8500

**ATTORNEYS FOR PLAINTIFF
BEST BUY CO., INC.**