UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2310(DSD/JJG)


Best Buy Stores, L.P.,

        Plaintiff,

v.                                                    **ORDER**

Developers Diversified Realty
Corporation, DDR GLH, LLC.;
Benderson-Wainberg Associates, LP;
DDR MDT Cool Springs Point LLC;
DDRA Ahwataukee Foothills, LLC;
DDR Flatiron LLC; DDRA Community
Centers Four, LP; DDR MDT Lakepointe
Crossing, LP; DDR MDT Great Northern,
LLC; DDR MDT Shoppers World, LLC;
DDR MDT Riverdale Village Outer Ring,
LLC; DDR Hendon Nassau Park II, LP;
DDRC PDK Salisbury LLC,

        Defendants.

Thomas C. Mahlum, Esq., Mpatanishi S. Tayari, Esq. and
Robins, Kaplan, Miller & Ciresi, 2800 LaSalle Plaza, 800
LaSalle Avenue, Minneapolis, MN 55402 and Robert A.
Machson, Esq., 7 White Birch Ridge, Weston, CT 06883,
counsel for plaintiff.

Jennifer M. Burke, Esq., Dena M. Kobasic, Esq., Steven
Kaufman, Esq. and Thompson Hine, LLP., 3900 Key Center,
127 Public Square, Cleveland OH 44114 and D. Charles
Macdonald, Esq., Martin S. Chester, Esq. and Faegre &
Benson, 2200 Wells Fargo Center, 90 South Seventh Street,
Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on defendants' partial motion
to dismiss or in the alternative for summary judgment and on
defendant DDR MDT Lakepointe Crossing, L.P.'s motion to dismiss for
improper venue.  Based upon a review of the file, record and

proceedings herein, and for the reasons stated, the court grants DDR and DDR GLH's motion for summary judgment on the breach of contract and declaratory judgment claims, grants DDR GLH's motion for summary judgment on the breach of fiduciary duty claim and denies without prejudice DDR's motion for summary judgment on the breach of fiduciary duty claim.  The court denies the remaining defendants' motion to dismiss the fiduciary duty claim and denies Lakepointe's motion to dismiss for improper venue.

**BACKGROUND**

In this diversity-based action plaintiff Best Buy Stores, L.P. ("Best Buy"), alleges state law claims of breach of contract, breach of fiduciary duty and declaratory judgment against numerous landlords that it entered into retail lease agreements with as well as the property manager of the leased properties.  Best Buy operates retail stores throughout the United States.  The following defendants own shopping centers in various states and lease retail space to Best Buy: Benderson-Wainberg Associates, L.P. ("B-W"); DDR Hendon Nassau Park II, L.P. ("Nassau Park"); DDR MDT Cool Springs Pointe, L.L.C. ("Cool Springs"); DDRC PDK Salisbury, L.L.C. ("Salisbury"); DDR MDT Riverdale Village Outer Ring, L.L.C. ("Riverdale"); DDR Ahwatukee Foothills, L.L.C. ("Ahwatukee"); DDR Flatiron, L.L.C. ("Flatiron"); DDR MDT Lakepointe Crossing, L.P. ("Lakepointe"); DDRA Community Centers Four, L.P. ("Community

2

Centers"); DDR MDT Great Northern, L.L.C. ("Great Northern") and DDR MDT Shoppers World, L.L.C. ("Shoppers World") (collectively the "DDR-affiliated landlords").[1]   Best Buy alleges that each DDR-affiliated landlord is controlled by defendant Developers Diversified Realty Corporation ("DDR").   In addition, Best Buy asserts claims against defendant DDR GLH, L.L.C. ("DDR GLH"), an entity that Best Buy alleges owns an interest in B-W and is owned by DDR.   (Am. Compl. ¶ 19(b).)

Best Buy entered into lease agreements with each DDR-affiliated landlord, all of which contain materially similar provisions that require Best Buy to pay a fixed rent as well as an additional rent.   (Id. ¶¶ 21-22.)   The additional rent includes fees, the costs of operating and maintaining common areas in the shopping centers and insurance costs.   (Id.)   Best Buy pays the additional rent at least one year in advance of the costs being incurred.   (Id. ¶ 22.)   At the end of the year in which the costs were incurred, Best Buy receives a reconciliation statement that indicates whether Best Buy owes more or less money for the costs depending upon whether its advanced payments were high or low.   The reconciliation statements do not explain or substantiate how the

---

[1]   Best Buy also leased property in Spring Creek Center, Fayetteville, Arkansas, which it alleges is owned by DDR, and in the following retail properties from JDN Realty Corporation, which it alleges merged into DDR: Turner Hill Marketplace, Lithonia, Georgia; The Overlook at Hamilton Plaza, Chattanooga, Tennessee; Douglasville Marketplace, Douglasville, Georgia.   (Am. Compl. ¶¶ 19(h-k).)

additional rent costs are calculated.  (Id. ¶ 23.)  Best Buy alleges that it repeatedly requested over a period of years an explanation and documentation from the DDR-affiliated landlords detailing how the additional rent was being calculated.  (Id. ¶ 24.)  The landlords did not provide the requested information, and Best Buy has been unable to determine whether it was properly billed for the operating and insurance costs.

Best Buy commenced this action alleging that defendants have breached the terms of their respective lease agreements, which set forth the method for calculating and billing the operating and insurance costs, by failing to provide backup information, failing to accurately calculate the costs owed and inflating the costs charged to Best Buy.  Best Buy further alleges that its entrustment of the advance payments to defendants pursuant to its lease obligations creates a fiduciary duty that defendants assess the additional rent charges accurately and use the monies paid in good faith.  Best Buy claims that defendants breached that duty when they misappropriated and misapplied the monies paid.  Best Buy also seeks a declaratory judgment of the parties' rights and obligations under the respective lease agreements.

Lakepointe moves to dismiss the claims against it for improper venue pursuant to the forum selection clause contained in its lease agreement with Best Buy.  DDR and DDR GLH move to dismiss or alternatively for summary judgment on plaintiff's breach of

contract and declaratory judgment claims on the basis that they did not enter into contracts with Best Buy.   The DDR-affiliated landlords, DDR and DDR GLH move to dismiss or alternatively for summary judgment on plaintiff's breach of fiduciary duty claim, arguing that Best Buy is unable as a matter of law to establish the existence of a fiduciary duty in the context of a landlord-tenant relationship.   Best Buy opposes all motions and requests a continuance pursuant to Federal Rule of Civil Procedure 56(f).

## DISCUSSION

### I.   Standards of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will dismiss a complaint for failing to state a claim upon which relief may be granted if, after taking all facts alleged in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief.   See Fed. R. Civ. P. 12(b)(6); Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005).   Dismissal under Rule 12(b)(6) is only warranted "in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief."   Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).

When a Rule 12(b)(6) motion presents "matters outside the pleadings," the court must treat the motion as one for summary

judgment and dispose of the motion pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b)(6); Blair v. Wills, 420 F.3d 823, 826-27 (2005). "Matters outside the pleadings" include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999) (internal quotations omitted). However, when a complaint relies on documents that are not in dispute the court may consider such documents without converting the motion into one for summary judgment. See Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997) (plaintiff cannot defeat a motion to dismiss by not attaching referenced documents to complaint). The court may also consider "materials that are necessarily embraced by the pleadings" in ruling on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party.  See id. at 255.  The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  If a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Id. at 322-23.

When a party moves for summary judgment before the completion of discovery, a party opposing summary judgment may seek a continuance to postpone the summary judgment motion pursuant to Federal Rule of Civil Procedure 56(f).  Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997).  When seeking a continuance, the opposing party must file an affidavit demonstrating the "specific facts further discovery might unveil."  Id.

## II.  Venue

Lakepointe moves to dismiss the claims against it based on improper venue.  Lakepointe argues that the court should enforce the forum selection clause contained in its lease agreement, which provides:  "This Lease shall be governed by and construed in

accordance with the laws of the State of Texas, with jurisdiction in the courts of the County of Denton."   (Cotton Aff. Ex. D.) Lakepointe does not argue that Minnesota is an inconvenient forum, but rather argues that Best Buy is unable to establish that Texas is an inconvenient forum.  Best Buy argues that venue is proper in Minnesota because the forum selection clause is permissive and its enforcement would unduly increase the cost and complexity of this litigation.

Texas law governs the construction and legal effect of the Lakepointe lease agreement.  Sitting in diversity, however, the court applies federal law to determine the enforceability of the forum selection clause.[2]  See Fla. State Bd. of Admin. v. Law Eng'g and Envtl. Servs., Inc., 262 F. Supp. 2d 1004, 1008-09 n.1 (D. Minn. 2003) (collecting cases).  "Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); see also Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th

---

[2]  The Eighth Circuit has not resolved whether enforcement of forum selection clauses is to be determined under federal procedural law or state substantive law.  See Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006); Rainforest Café, Inc. v. Eklecco, LLC, 340 F.3d 544, 546 (8th Cir. 2003). However, even if the court were to apply Texas law the analysis would not differ because Texas courts have adopted the Bremen standard in evaluating the enforceability of forum selection clauses.  See In re AIU Ins. Co., 148 S.W.3d 109, 113-14 (Tex. 2004); Phoenix Network Techs. Ltd. v. Neon Sys., Inc., 177 S.W.3d 605, 613-14 (Tex. App. 2005).

Cir. 2006).   However, in evaluating enforceability the court distinguishes permissive from mandatory forum selection clauses. Dunne v. Libbra, 330 F.3d 1062 (8th Cir. 2003).  Unlike mandatory clauses, which contain specific language to clearly indicate the parties' intent to designate one forum as exclusive, "permissive clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." Fla. State Bd. of Admin., 262 F. Supp. 2d at 1009 (internal quotations omitted).  In Dunne v. Libbra, the Eighth Circuit held that the following forum selection clause was permissive under Illinois law because it contained no language to indicate exclusivity: "This agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction to [sic] the state courts of the State of Illinois."   330 F.3d at 1063 (alteration in original).

The Lakepointe forum selection clause is nearly identical in all material respects to the forum selection clause in Dunne that the Eighth Circuit held to be permissive.  See 330 F.3d at 1063. The clause does not contain specific language to indicate the parties intended Denton County, Texas, to be the exclusive venue for their disputes.  Cf. Fla. State Bd. of Admin., 262 F. Supp. 2d at 1009-10.  Further, even if the clause could be construed under Texas law to be exclusive, the court finds that enforcement of the

9

forum selection clause would be unreasonable in this case. Lakepointe is the only one of eleven DDR-affiliated landlords to challenge the appropriateness of this court's venue.  The claims alleged against Lakepointe are identical to Best Buy's claims against the other DDR-affiliated landlords and based on materially identical lease provisions.  To require Best Buy to re-file this action in Texas against one DDR-affiliated landlord while the remainder of its claims are resolved in this court would be an inefficient use of judicial resources and the parties' resources and create a potential for conflicting rulings.  <u>Cf.</u> <u>Taylor Inv. Corp. v. Weil</u>, 169 F. Supp. 2d 1046, 1061 (D. Minn. 2001) (denying motion to dismiss on grounds of improper venue based on interests of judicial economy).  For these reasons, the court denies Lakepointe's motion to dismiss for improper venue.

## III.  Breach of Contract and Declaratory Judgment Claims

DDR and DDR GLH move to dismiss or in the alternative for summary judgment on the breach of contract and declaratory judgment claims.  According to DDR and DDR GLH, neither entity has entered into a lease agreement or contract with Best Buy.  (<u>See</u> Cotton Aff. ¶ 4.)  Best Buy provides no legal argument in opposition.  Rather, Best Buy moves the court for a Rule 56(f) continuance to establish whether and to what extent DDR and DDR GLH have, or have ever had, an ownership interest in the shopping centers where Best Buy leased property from the DDR-affiliated landlords as well as the identity

of the shopping center owners and the extent of the owners'
interests. (See Machson Aff. ¶ 9.) Because the court considers
the affidavits submitted by the parties, it treats DDR and DDR
GLH's motion to dismiss as a motion for summary judgment. See Fed.
R. Civ. P. 12(b)(6).

To establish a breach of contract claim a plaintiff must
prove, among other things, formation of a contract.[3] See Parkhill
v. Minn. Mut. Life Ins., Co., 174 F. Supp. 2d 951, 961 (D. Minn
2000). Best Buy provides no legal authority to support how
discovery of DDR and DDR GLH's respective ownership interests in
the DDR-affiliated landlords and shopping centers is relevant to
its breach of contract claim against either defendant. Best Buy
does not seek a Rule 56(f) continuance to establish the existence
of a contract with DDR or DDR GLH, nor has it argued the existence
of any such contract. Best Buy did not plead the existence of a
contract with DDR or DDR GLH and has not established a genuine
issue of material fact regarding the non-existence of any such
contract. Therefore, the court denies Best Buy's Rule 56(f)

---

[3] DDR and DDR GLH are Ohio entities with their principal
places of business in Ohio. (Cotton Aff. ¶ 4.) Best Buy is a
Virginia limited partnership with its principal place of business
in Minnesota. Ohio law does not differ from Minnesota law on the
relevant elements of a breach of contract claim. See Garofolo v.
Chicago Title Ins. Co., 661 N.E.2d 218, 226 (Ohio Ct. App. 1995).
Therefore, a choice-of-law analysis is not necessary on these
claims. See Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co., 604
N.W.2d 91, 93-94 (Minn. 2000) (choice-of-law analysis necessary
only if outcome determinative conflict exists).

request and grants DDR and DDR GLH's motion for summary judgment on the breach of contract and declaratory judgment claims.

## IV.  Breach of Fiduciary Duty Claims

The existence of a fiduciary relationship is a question of fact for a jury that can be resolved by the court as a matter of law only where "the evidence leaves no room for a reasonable difference of opinion." Hope v. Klabal, 457 F.3d 784, 791 (8th Cir. 2006).  The existence of a fiduciary relationship is a question of state law. Id.  Therefore, the court must first determine which state's law governs the resolution of Best Buy's breach of fiduciary duty claims.[4]

DDR and DDR GLH have not entered into lease agreements with Best Buy and contend that the claims asserted against them are not governed by a contractual choice-of-law provision.  Similarly, the lease agreements between Best Buy and B-W, Nassau Park, Cool Springs and Salisbury do not contain choice-of-law provisions. Accordingly, the court must determine which state's law governs the resolution of Best Buy's claims against these defendants.

However, the lease agreements that Best Buy entered into with Riverdale, Ahwatukee, Flatiron, Lakepointe, Community Centers,

---

[4]  Best Buy provides no argument with respect to whether a conflict-of-law analysis is necessary or whether the court should give effect to the respective choice-of-law provisions addressed herein.  Rather, Best Buy selectively cites judicial opinions throughout the United States — Maryland, Arizona and Michigan — to summarily argue based on those opinions that dismissal of its fiduciary duty claim is not warranted as to any defendant.

Great Northern and Shoppers World contain choice-of-law provisions. Therefore, the court will resolve the fiduciary duty claims against these defendants in accordance with the parties' choice of law. See Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d 1386, 1392 (8th Cir. 1997) (under Minnesota law, choice-of-law provision governs non-contract claims if claims "are closely related to the interpretation of contract and fall within the ambit of the express agreement"); Fl. State Bd. of Admin., 262 F. Supp. 2d at 1014 (applying choice-of-law provision to fiduciary duty claim related to contract performance).

### A.   DDR, DDR GLH, B-W, Nassau Park, Cool Springs and Salisbury

#### 1.   Governing Law

"Federal courts sitting in diversity apply the forum state's conflict of laws rules." Nesladek v. Ford Motor Co., 46 F.3d 734, 736 (8th Cir. 1995). Under Minnesota choice-of-law principles, the court first determines if a conflict of law exists. Nodak Mut. Ins. Co. v. Am. Family Mut. Ins., 604 N.W.2d 91, 93-94 (Minn. 2000). A conflict exists if application of the different states' laws would be outcome determinative. Id. at 94. If a conflict exists, the court must evaluate the relevant state contacts with the underlying litigation to determine whether application of the states' laws would be constitutional. Jepson v. Gen. Cas. Co., 513 N.W.2d 467, 469-70 (Minn. 1994). If the conflict is substantive

the court then considers five factors to determine which law to apply.  See Nodak, 604 N.W.2d at 94; Jepson, 513 N.W.2d at 470 (citing Milkovich v. Saari, 203 N.W.2d 408 (Minn. 1973)).

In this case, Best Buy is a Virginia limited partnership with its principal place of business in Minnesota.  DDR and DDR GLH are Ohio based entities with their principal places of business in Ohio.  B-W, Nassau Park, Cool Springs and Salisbury all have their principal places of business in Ohio.  (Cotton Aff. ¶¶ 16-18.)  B-W and Cool Springs are Delaware entities, Nassau Park is a Georgia entity and Salisbury is an Ohio entity.  (Id.)  Best Buy leases retail space from B-W and Nassau Park in New Jersey, from Cool Springs in Tennessee and from Salisbury in Maryland.  (Id. ¶ 8.)

Defendants argue that Minnesota law should govern Best Buy's fiduciary duty claim, asserting that the fiduciary duty laws of Delaware, Ohio, Georgia and Minnesota are similar and therefore a choice-of-law analysis is not necessary.  In response, Best Buy does not argue with any clarity which state law should govern the court's analysis of its breach of fiduciary duty claim against the defendants that did not enter into choice-of-law agreements.[5]

_____

[5]  Best Buy asserts a cursory challenge to application of Minnesota fiduciary duty law in a footnote, parenthetically indicating without explanation that Maryland law is "controlling authority."  However, Best Buy did not brief the choice-of-law issue or argue that application of Minnesota law is inappropriate under a conflicts analysis.  Rather, Best Buy summarily argues that dismissal is not warranted "[r]egardless of what state law is applied, or how conflict of law principles might enter the
(continued...)

Rather, Best Buy argues dismissal of its claims is not warranted based on Maryland and Arizona case law and an unpublished opinion from a Michigan Circuit Court, which is attached to the affidavit of Robert Machson as exhibit E.  See P.V. Props., Inc. v. Rock Creek Vill. Assoc., LP, 549 A.2d 403 (Md. Ct. Spec. App. 1988); Divizio v. Kewin Enter., Inc., 666 P.2d 1085 (Ariz. Ct. App. 1983).

The only two states that have direct connections to each party are Minnesota and Ohio, both of which have significant contacts to this litigation.  Best Buy has provided no persuasive argument why Minnesota or Ohio law should not govern its claims.  Neither party has identified an outcome determinative conflict of fiduciary duty law between Minnesota and Ohio.  The court concludes that a conflict does not exist because both states recognize a fiduciary relationship only in those circumstances where a special trust or confidence is reposed.  Compare Ed Schory & Sons Inc. v. Francis, 662 N.E.2d 1074, 1081 (Ohio 1996), with Toombs v. Daniels, 361 N.W.2d 801, 809 (Minn. 1985); see also In re Lutheran Brotherhood Variable Ins. Prods. Co. Sales Practices Litigation, No. 99-MDL-1309, 2004 WL 2931352, at *31 (D. Minn. April 28, 2004) (finding no conflict between Ohio and Minnesota fiduciary duty laws).  Therefore, the court will apply Minnesota law to determine the

---

[5](...continued)
analysis."  (Pl.'s Opp'n Br. at 13 n.9.)

existence of a fiduciary relationship between Best Buy and DDR, DDR GLH, B-W, Nassau Park, Cool Springs and Salisbury.

To establish a breach of fiduciary duty claim, a plaintiff must prove the existence of a fiduciary duty, breach of that duty, causation and damages.  Conwed Corp. v. Employers Reinsurance Corp., 816 F. Supp. 1360, 1362 n.3 (D. Minn. 1993).  Under Minnesota law, whether a fiduciary relationship exists is a question of fact.  Toombs, 361 N.W.2d at 809.  "A fiduciary relationship exists 'when confidence is reposed on one side and there is resulting superiority and influence on the other.'"  Id. (quoting Stark v. Equitable Life Assur. Soc'y, 285 N.W. 466, 470 (Minn. 1939)).  Evidence of business experience disparities, financial control, repeated assurances and invited confidences may suffice to show a fiduciary relationship.  Id.; Kennedy v. Flo-Tronics, Inc., 143 N.W.2d 827, 830 (Minn. 1966); Gibson v. Coldwell Banker Burnet, 659 N.W.2d 782, 788 (Minn. Ct. App. 2003); see also Hope, 457 F.3d at 791-92.  However, a fiduciary relationship does not exist by one party merely having faith and confidence in another where the former should have known the latter was representing an adverse interest.  S. Minn. Mun. Power Agency v. City of St. Peter, 433 N.W.2d 463, 468 (Minn. Ct. App. 1988).

### 2.   DDR & DDR GLH

DDR and DDR GLH argue that Best Buy cannot establish the existence of a fiduciary relationship with either entity.  Best Buy

argues that DDR, as property manager, maintains exclusive control over the calculation and billing of the insurance and operational costs that comprise the additional rent as well as all records and documentation of those billings.  (Clover Aff. ¶ 13.)  Best Buy further submits evidence that it is DDR's "special billings" department in Ohio that reconciles the amounts paid.  (<u>Id.</u> Ex. A. at ¶ 8.)  Best Buy claims that by entrusting DDR with this authority and sole control over the calculation of the additional rent owed, DDR owes Best Buy a fiduciary duty.  Best Buy argues that further discovery is needed pursuant to Rule 56(f) to determine the extent to which DDR and DDR GLH are responsible for the calculation of billings for insurance and operating costs, as well as documents that would demonstrate their control over the payments made by Best Buy and their refusal to provide Best Buy with any information as to how Best Buy's payments were spent. (<u>See</u> Machson Aff. ¶ 9.)

Because the court has taken into consideration the affidavits submitted by both parties, it treats DDR and DDR GLH's motion to dismiss the breach of fiduciary duty claims as a motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  As to DDR, the court finds that questions of fact exist as to whether DDR, as property manager, owes Best Buy a fiduciary duty under the facts and circumstances that gave rise to this litigation. Accordingly, Best Buy's request for a Rule 56(f) continuance is granted and DDR's

motion for summary judgment on Best Buy's breach of fiduciary duty claim against DDR is denied without prejudice.

Unlike DDR, DDR GLH's only alleged connection to this litigation is its ownership interest in B-W.  Best Buy provides no legal authority to support the existence of a fiduciary relationship on the basis of an ownership interest in one of its landlords.  Best Buy has not created a genuine issue of material fact regarding its lack of a relationship with DDR GLH, let alone a fiduciary relationship.  Therefore, Best Buy's request for a Rule 56(f) continuance as to DDR GLH is denied, and DDR GLH's motion for summary judgment on Best Buy's fiduciary duty claim is granted.

### 3.   B-W, Nassau Park, Cool Springs and Salisbury

B-W, Nassau Park, Cool Springs and Salisbury move to dismiss Best Buy's breach of fiduciary duty claim, arguing that the  lease agreements between Best Buy and the DDR-affiliated landlords fail as a matter of law to create a fiduciary relationship because no special circumstances exist to convert the contractual landlord-tenant relationship into one of a fiduciary nature.[6]  However, B-W, Nassau Park, Cool Springs and Salisbury identify no Minnesota authority that precludes the finding of a fiduciary relationship in

---

[6]   Other than the lease agreements that form the basis for this lawsuit, the content of which is undisputed, the court has not taken into consideration material outside the scope of the pleadings for purposes of B-W, Nassau Park, Cool Springs and Salisbury's motion to dismiss.  Therefore, the court does not treat the motion to dismiss as one for summary judgment.

the landlord-tenant context or under the facts alleged in the Amended Complaint.

In response, Best Buy cites case law from other jurisdictions that involve factually similar circumstances in which courts recognized the existence of a limited fiduciary relationship. See P.V. Props., 549 A.2d at 410 (recognizing limited fiduciary duty in landlord-tenant context and holding that "tenant is entitled to an itemized listing of common area maintenance expenses where the lease is silent in that respect and the landlord is unwilling to provide the desired information"); Divizio, 666 P.2d at 1085 (recognizing fiduciary duty between owner of common areas and lot owners in trailer park and ordering an accounting of common area maintenance costs). But see T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n, 79 S.W.3d 712, 719 (Tex. App. 2002) (declining to follow P.V. Properties based on language of lease agreement at issue and because Texas law does not recognize a duty of good faith and fair dealing in all contracts).

The court declines to hold that as a matter of Minnesota law a fiduciary relationship cannot exist in the landlord-tenant context based on the facts alleged in the Amended Complaint. Cf. Force v. ITT Hartford Life & Annuity Ins. Co., 4 F. Supp. 2d 843, 854 (D. Minn. 1998) (declining to rule as a matter of law that fiduciary relationship could not exist between insurer and insured when state court had not addressed issue). Therefore, dismissal of

Best Buy's fiduciary duty claim against B-W, Nassau Park, Cool Springs and Salisbury is not warranted.

## B. Riverdale, Ahwatukee, Flatiron, Lakepointe, Community Centers, Great Northern and Shoppers World

Riverdale, Ahwatukee, Flatiron, Lakepointe, Community Centers, Great Northern and Shoppers World move to dismiss Best Buy's breach of fiduciary duty claim. In addressing the motion to dismiss, the court has limited its inquiry to the facts alleged in the Amended Complaint and the respective lease agreements. Therefore, the court does not treat the motion to dismiss as one for summary judgment.

### 1. Riverdale

Minnesota law governs the breach of fiduciary duty claim between Best Buy and Riverdale. For the reasons set forth above, the court finds that dismissal of Best Buy's fiduciary duty claim against Riverdale is not warranted under Minnesota law.

### 2. Ahwatukee

Arizona law governs the lease agreement between Best Buy and Ahwatukee. Under Arizona law, a "fiduciary holds 'superiority of position' over the beneficiary." Taeger v. Catholic Family & Cmty. Servs., 995 P.2d 721, 727 (Ariz. Ct. App. 1999) (quoting Standard Chartered PLC v. Price Waterhouse, 945 P.2d 317, 335 (Ariz. Ct. App. 1996)). The existence of a fiduciary duty under Arizona law is generally a question of fact. Standard Chartered PLC, 945 P.2d

at 335.   The Arizona Court of Appeals has recognized a limited fiduciary relationship between the owners of common areas in a mobile home park and the individual lot owners arising out of restrictive covenants that required the lot owners to pay a monthly sum common area maintenance costs.  <u>Divizio</u>, 666 P.2d at 1086-88. Although <u>Divizio</u> did not involve a landlord-tenant agreement, the court held that there was a fiduciary relationship between the parties that required the operators to furnish accountings of the common area maintenance fees.  <u>Id.</u> at 1088, 1090.  Ahwatukee has not identified any legal authority under Arizona law that warrants dismissal of Best Buy's fiduciary duty claim as a matter of law. Therefore, dismissal is not warranted.

### 3. Flatiron

Colorado law governs the lease agreement between Best Buy and Flatiron.  Under Colorado law, the existence of a fiduciary duty is generally a question of fact.  <u>Meyer v. Schwartz</u>, 638 P.2d 821, 822 (Colo. Ct. App. 1981) (citing <u>Breeden v. Dailey</u>, 574 P.2d 508 (Colo. 1977)).  A fiduciary duty can arise "through a relationship of trust, confidence and reliance" and can exist when one party has "a high degree of control over the property" of another or when a party "places a high level of trust and confidence in the fiduciary to look out for" its best interest.  <u>Turkey Creek, LLC v. Rosania</u>, 953 P.2d 1306, 1312 (Colo. Ct. App. 1998).  In <u>Hurt v. Schneider</u>, the Colorado Supreme Court recognized that landlords and tenants

are included "in the class of persons between whom the relation is
of a fiduciary nature, so as to require the utmost degree of good
faith in all transactions between them."  156 P. 600, 602 (Colo.
1916).   The parties have not identified Colorado case law that
precludes the finding of a fiduciary relationship in the context of
a landlord-tenant relationship.  Therefore, dismissal of Best Buy's
fiduciary duty claim against Flatiron is not warranted.

### 4.   Lakepointe and Community Centers

Texas law governs the lease agreements between Best Buy and
Lakepointe and Community Centers.  In Texas, where the facts are
undisputed, the question of whether a fiduciary duty exists is one
of law.  Meyer v. Cathey, 167 S.W.3d 327, 330-31 (Tex. 2005).
Texas courts recognize an informal fiduciary duty "that arises from
a moral, social, domestic or purely personal relationship of trust
and confidence." Id.  Texas courts recognize such relationships in
the context of business transactions only if there exists a
"special relationship of trust and confidence" prior to or apart
from the contractual agreement.  Id. (internal quotations omitted).
Further, Texas courts have rejected the existence of a fiduciary
relationship on facts similar to those in this case.  See T.F.W.
Mgmt., Inc., 79 S.W.3d at 719-20.  However, based solely on the
factual allegations contained in the Amended Complaint, the court
is unable to say that Best Buy has failed to assert a cognizable
claim for relief under Texas law, the merits of which are best

determined on summary judgment.   Therefore, dismissal is not warranted.

### 5.   Great Northern

Ohio law governs the lease between Great Northern and Best Buy.   Under Ohio law, "[t]he existence of a fiduciary relationship depends on the facts and circumstances between the parties." Depugh v. Ohio Dep't of Commerce, 715 N.E.2d 622, 625 (Ohio Ct. App. 1998).   A fiduciary relationship arises when "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." Ed Schory & Sons Inc. v. Francis, 662 N.E.2d 1074, 1081 (Ohio 1996) (internal quotations omitted).   Such a relationship may arise by way of a contract. Spalding v. Coulson, 661 N.E.2d 197, 209 (Ohio Ct. App. 1995).   Therefore, dismissal of Best Buy's fiduciary duty claim against Great Northern is not warranted.

### 6.   Shoppers World

Massachusetts law governs the lease agreement between Best Buy and Shoppers World.   The existence of a fiduciary relationship under Massachusetts law is ordinarily a "mixed question of law and fact." Doe v. Harbor Schools, Inc., 843 N.E.2d 1058, 1064 (Mass. 2006).   Massachusetts courts recognize a fiduciary duty when, among other things, "one reposes faith, confidence, and trust in another's judgment and advice." Id.   Massachusetts courts

23

recognize that "circumstances which may create a fiduciary relationship are so varied that it would be unwise to attempt the formulation of any comprehensive definition that could be uniformly applied." <u>Id.</u> Based on Massachusetts law, dismissal of Best Buy's fiduciary duty claim against Shoppers World is not warranted.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that:

1.    Defendant DDR MDT Lakepointe Crossing's motion to dismiss for improper venue [Docket No. 68] is denied;

2.    Defendant DDR GLH's motion to dismiss or in the alternative for summary judgment on plaintiff's breach of contract, breach of fiduciary duty and declaratory judgment claims [Docket No. 68] is granted.

3.    Summary judgment in favor of DDR GLH is granted on all claims.

4.    Defendant DDR's motion to dismiss or in the alternative for summary judgment on the breach of contract and declaratory judgment claims [Docket No. 68] is granted in part and denied without prejudice in part.

5.    Summary judgment in favor of DDR is granted on plaintiff's breach of contract and declaratory judgment claims, but is denied on plaintiff's breach of fiduciary duty claim.

6.     Defendants   B-W,   Hendon   Nassau   Park,   Cool   Springs,
Salisbury,   Riverdale,   Ahwatukee,   Flatiron,   Lakepointe,   Community
Centers,   Great   Northern   and   Shoppers   World's   motion   to   dismiss
[Docket No. 68] is denied.


Dated:  December 8, 2006


                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court