UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2310(DSD/JJG)

Best Buy Stores, L.P.,

      Plaintiff,

v.                                            **ORDER**

Developers Diversified Realty
Corporation, DDR GLH, LLC.;
Benderson-Wainberg Associates, LP;
DDR MDT Cool Springs Point LLC;
DDRA Ahwataukee Foothills, LLC;
DDR Flatiron LLC; DDRA Community
Centers Four, LP; DDR MDT Lakepointe
Crossing, LP; DDR MDT Great Northern,
LLC; DDR MDT Shoppers World, LLC;
DDR MDT Riverdale Village Outer Ring,
LLC; DDR Hendon Nassau Park II, LP;
DDRC PDK Salisbury LLC,

      Defendants.

This matter is before the court upon defendants' objection to a portion of Magistrate Judge Jeanne J. Graham's pre-trial order dated January 4, 2007. The magistrate judge granted in part plaintiff's motion to compel and ordered, inter alia, that defendants produce by February 2, 2007, documents that are responsive to a number of plaintiff's requests for production that were served on defendants on April 5, 2006. Defendants were first ordered to respond to these requests by the magistrate judge on June 29, 2006. In setting the February 2 deadline, the magistrate judge rejected defendants' conclusory statements that compliance with their electronic discovery obligations under Federal Rule of

Civil Procedure 26 is cost prohibitive.  The magistrate judge determined that defendants had not met their burden to establish that the information sought "is not reasonably accessible because of undue burden or cost."  Fed. R. Civ. P. 26(b)(2)(B).

On January 22, 2007, defendants filed the instant objection, arguing that technological constraints beyond their control render compliance with the February 2 deadline impossible.  (<u>See</u> Defs.' Ex. 6; Carmody Aff. ¶¶ 2-8; Kobasic Aff. ¶¶ 3-5.)  According to defendants, subsequent to the magistrate judge's order, defendants' outside vendor provided cost and time frame estimates for recovering certain information that is responsive to the discovery requests but currently located on archived, electronic back-up tapes.  Defendants request a modification of the February 2, 2007, deadline for those electronic items that are not readily available and permission to engage in ongoing production of the electronic discovery as it is processed from the back-up tapes.  Plaintiff opposes the requested modification.

On January 31, 2007, the court granted defendants' motion for a stay of the February 2 deadline to permit the court time to review the merits of defendants' pending objection. Based upon the information currently before the court, a modification of the deadline might be warranted if compliance with the deadline is in fact technologically impossible.  However, the magistrate judge's order on the parties' numerous discovery disputes in this action is

thorough and well reasoned based on the information and arguments presented to Magistrate Judge Graham.  Based on a review of the record in this case, the parties' submissions and the orders of the magistrate judge regarding pre-trial discovery in this action, the court concludes that Magistrate Judge Graham's order is neither clearly erroneous nor contrary to law.  <u>See</u> 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2).

Therefore, **IT IS HEREBY ORDERED** that the stay of Magistrate Judge Graham's order is lifted and the order of the United States Magistrate Judge dated January 4, 2007, [Docket No. 199] is affirmed in all respects.


Date:  February 1, 2007

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court