UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2310(DSD/JJG)

Best Buy Stores, L.P.,

      Plaintiff,

v.                                                **ORDER**

Developers Diversified Realty
Corporation, DDR GLH, LLC.;
Benderson-Wainberg Associates, LP;
DDR MDT Cool Springs Point LLC;
DDRA Ahwataukee Foothills, LLC;
DDR Flatiron LLC; DDRA Community
Centers Four, LP; DDR MDT Lakepointe
Crossing, LP; DDR MDT Great Northern,
LLC; DDR MDT Shoppers World, LLC;
DDR MDT Riverdale Village Outer Ring,
LLC; DDR Hendon Nassau Park II, LP;
DDRC PDK Salisbury LLC,

      Defendants.

    Thomas C. Mahlum, Esq., Mpatanishi S. Tayari, Esq. and Robins, Kaplan, Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402 and Robert A. Machson, Esq., 7 White Birch Ridge, Weston, CT 06883, counsel for plaintiff.

    Amanda A. Kessler, Esq., Jennifer M. Burke, Esq., Dena M. Kobasic, Esq., Steven Kaufman, Esq. and Thompson Hine, LLP., 3900 Key Center, 127 Public Square, Cleveland OH 44114 and D. Charles Macdonald, Esq., Martin S. Chester, Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendants.

    This matter is before the court on defendants' joint motion to dismiss count four of the fourth amended complaint — plaintiff's fraud claim — for failure to comply with the heightened pleading

requirements of Federal Rule of Civil Procedure 9(b).[1]  Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motion and dismisses plaintiff's fraud claim against all defendants without prejudice.

## BACKGROUND[2]

On February 12, 2007, plaintiff Best Buy Stores, L.P., filed its fourth amended complaint against defendants Developers Diversified Realty Corporation ("DDR") and its affiliated landlords.  In the fourth amended complaint, plaintiff asserts a fraud claim collectively against defendants based on numerous leases entered into between plaintiff and defendants during a variety of years.  Plaintiff alleges that "[f]or most of the terms of the Leases, bills, invoices and reconciliations sent to plaintiff by DDR showed charges for 'insurance' only (in some cases, property and liability insurance)."  (Fourth Am. Compl. ¶ 60.)  Plaintiff paid "these invoices" under the belief that it was paying for insurance.  (Id. ¶ 61.)  According to plaintiff's

---

[1] Defendant JDN Development Company, Inc. ("JDN"), also moved to dismiss or in the alternative for summary judgment on counts 1, 2 and 3 of the fourth amended complaint because JDN did not enter into a lease agreement with plaintiff.  (Docket No. 293.) Plaintiff did not oppose that motion.  (See Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 1 n.1.).  Therefore, the court granted that motion during the hearing on April 20, 2007, and dismissed counts 1, 2 and 3 of the fourth amended complaint against JDN with prejudice.

[2] The factual background giving rise to this litigation is set forth in the court's order dated December 8, 2006.

allegations, defendants knew "these representations" were false because the billing was not for insurance but for a fraudulent and fictitious "first dollar coverage" charge. (Id. ¶¶ 62-66.) Throughout the terms of the respective leases, plaintiff alleges that it reasonably relied upon statements made by DDR that it was paying for insurance coverage, not a fictitious "first dollar" charge. (Id. ¶¶ 72-73.) Defendants now collectively move to dismiss plaintiff's fraud claim under Rule 9(b).

## DISCUSSION

Federal Rule of Civil Procedure 9(b) provides that a claim of fraud must be pleaded with particularity. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). To satisfy the heightened pleading requirements, a plaintiff must set forth the "who, what, when, where, and how" of an alleged fraud. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). In other words, a plaintiff must plead "the time, place and contents" of the false representations, the identity of the individual who made the representations and what was obtained thereby. BJC Health Sys., 478 F.3d at 917. The heightened pleading requirements in fraud claims enable defendants to respond promptly and specifically to potentially damaging allegations. Id. The requirements of Rule 9(b) must be read "in harmony with the principles of notice pleading," and the level of particularity

required depends upon the nature of a case.  <u>Id.</u>  (internal quotations omitted).  However, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule."  <u>Id.</u>  (internal quotations omitted).

Construing the facts as pleaded in a light most favorable to plaintiff, the court finds that the allegations of fraud contained in the fourth amended complaint do not satisfy the requirements of Rule 9(b).  Plaintiff has not identified with any specificity which provisions of the "leases, bills, invoices and reconciliations" are alleged to be fraudulent.  The documents referenced in plaintiff's generalized allegation of fraud collectively against eighteen defendants encompass seventeen separate lease agreements operative over seventy-eight lease years.  Neither has plaintiff identified with any clarity which defendant made which fraudulent statements or at what point in time and with what frequency such statements were made.  Each of the landlord defendants may be corporate affiliates of DDR.  However, merely alleging corporate affiliation to collectively plead fraud against eighteen defendants does not satisfy the particularity requirements of Rule 9(b).  For these reasons, the court grants defendants' motion to dismiss the fraud claim and dismisses that claim without prejudice.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss plaintiff's fraud claim [Docket No. 289] is granted;

2. Count four of the fourth amended complaint is dismissed without prejudice;

3. Plaintiff may seek leave to amend its complaint to replead its fraud claim consistent with the requirements of Rule 9(b) within thirty days of the date of this order;

4. If leave to amend the fourth amended complaint is granted, the pretrial scheduling order established in this case shall be modified accordingly.

Dated:  April 27, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court
