UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2310(DSD/JJG)

Best Buy Stores, L.P.,

       Plaintiff,

v.                                        **ORDER**

Developers Diversified Realty
Corporation, DDR GLH, LLC.;
Benderson-Wainberg Associates, LP;
DDR MDT Cool Springs Point LLC;
DDRA Ahwatukee Foothills, LLC;
DDR Flatiron LLC; DDRA Community
Centers Four, LP; DDR MDT Lakepointe
Crossing, LP; DDR MDT Great Northern,
LLC; DDR MDT Shoppers World, LLC;
DDR MDT Riverdale Village Outer Ring,
LLC; DDR Hendon Nassau Park II, LP;
DDRC PDK Salisbury LLC,

       Defendants.

      Thomas C. Mahlum, Esq., Mpatanishi S. Tayari Garrett,
      Esq. and Robins, Kaplan, Miller & Ciresi, 2800 LaSalle
      Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402 and
      Robert A. Machson, Esq., 7 White Birch Ridge, Weston, CT
      06883, counsel for plaintiff.

      Amanda A. Kessler, Esq., Jennifer M. Burke, Esq., Dena M.
      Kobasic, Esq., Steven Kaufman, Esq. and Thompson Hine,
      LLP., 3900 Key Center, 127 Public Square, Cleveland OH
      44114 and D. Charles Macdonald, Esq., Martin S. Chester,
      Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90
      South Seventh Street, Minneapolis, MN 55402, counsel for
      defendants.

This matter is before the court upon defendants' motions to

dismiss all of plaintiff's fraud claims and its claims for breach

of contract and breach of fiduciary duty against certain defendants

pursuant to Federal Rules of Civil Procedure 12(b)(6).  Based upon

a review of the file, record and proceedings herein, and for the following reasons, the court grants in part and denies in part defendants' motions.

## BACKGROUND

This diversity-based action arises out of seventeen lease agreements between plaintiff Best Buy Stores, L.P. ("Best Buy") and sixteen landlord defendants: Benderson-Wainberg Associates, L.P. ("B-W"); DDR MDT Cool Springs Point, L.L.C. ("Cool Springs"); DDRA Ahwatukee Foothills, L.L.C. ("Ahwatukee"); DDR Flatiron, L.L.C. ("Flatiron"); DDRA Community Centers Four, L.P. ("Community Centers"); DDR MDT Lakepointe Crossing, L.P. ("Lakepointe"); DDR MDT Great Northern, L.L.C. ("Great Northern"); DDR MDT Shoppers World, L.L.C. ("Shoppers World"); DDR MDT Riverdale Village Outer Ring, L.L.C. ("Riverdale"); DDR Hendon Nassau Park II, L.P. ("Nassau Park"); DDRC PDK Salisbury, L.L.C. ("Salisbury"); DDR MDT Fayetteville Spring Creek, L.L.C. ("Spring Creek"); DDR MDT Turner Hill Marketplace, L.L.C. ("Turner Hill"); JDN Realty Corporation[1] ("JDN"); BG Boulevard III, L.L.C. ("Boulevard"); and KLA/SM, L.L.C.[2] ("KLA") (collectively "landlord defendants"). (Fifth Am.

---

[1] Best Buy has two lease agreements for two separate properties with JDN. These properties are referred to as "JDN Douglasville" and "JDN Overlook."

[2] Also named as a defendant is John Doe #1 as owner of the property allegedly managed by KLA in Louisville, Kentucky.

Compl. ¶ 23.)  Best Buy alleges that the landlord defendants are controlled or owned by defendant Developers Diversified Realty Corporation ("DDR").  (Id.)

The lease agreements between Best Buy and the landlord defendants contain materially similar provisions that require Best Buy to pay a fixed rent as well as an additional rent.  The additional rent consists of fees and charges for the cost of operating and maintaining common areas in the shopping centers and for insurance.  (Id. ¶ 25.)  Best Buy pays the additional rent at least one year in advance of the costs being incurred.  At the end of the year in which the costs were incurred, Best Buy receives a reconciliation statement that indicates whether Best Buy owes more or less money for the costs depending upon whether its advanced payments were high or low.  (Id. ¶ 26.)  The reconciliation statements do not explain or substantiate how the additional rent costs are calculated.  (Id. ¶ 27.)

Best Buy alleges that defendants established a scheme involving two types of insurance that results in over-billing. (Id. ¶ 30.)  First, Best Buy alleges that defendants purchased blanket insurance policies that covered all of the properties owned or managed by, and affiliated with DDR.  Best Buy alleges that defendants then allocated the premiums for the blanket policies among all of their properties in a manner that over-billed Best Buy.  (Id. ¶¶ 31, 32.)  Second, Best Buy alleges that defendants

maintained a self-funded insurance program to cover claims within the deductible amounts of the blanket insurance policies.  (<u>Id.</u> ¶ 33.)  Specifically, Best Buy alleges that defendants solicited letters from its insurance underwriters to determine an appropriate "policy premium" to bill its tenants.  The letters, however, were not quotes for insurance and the underwriters were not prepared to sell the insurance described in the letter.  Best Buy contends that defendants' reliance on the indication letters resulted in Best Buy being over-billed under the self-funded insurance program because the amount billed exceeded the amount defendants would have paid to cover the loss within the deductible of the blanket insurance policies.  (<u>Id.</u> ¶¶ 35, 36.)

Best Buy alleges that over a period of years it repeatedly requested an explanation and documentation from DDR detailing how DDR calculated the insurance charges.[3]  (<u>Id.</u> ¶ 39.)  DDR did not provide the requested information but offered instead to reduce and fix Best Buy's insurance charges.  (<u>Id.</u> ¶ 41.)  Six months later, after DDR failed to fix Best Buy's insurance charges, Best Buy commenced this action.  Best Buy's fifth amended complaint alleges claims for breach of contract and declaratory judgment against the landlord defendants, breach of fiduciary duty against all defendants and fraud against DDR and all of the landlord defendants

---

[3] DDR is in charge of calculating and invoicing the insurance charges for the landlord defendants.

except Community Centers and KLA.   Defendants now move to dismiss all of the fraud claims; the breach of contract and declaratory judgment claims as to Cool Springs, Great Northern, Shoppers World and Nassau Park; and the breach of fiduciary duty claims as to DDR, Cool Springs, Great Northern, Shoppers World and Nassau Park.

## I.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will dismiss a complaint for failing to state a claim upon which relief may be granted if, after taking all facts alleged in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief.   See Fed. R. Civ. P. 12(b)(6); Alpharma, Inc. v. Pennfield Oil Co., 411 F.3d 934, 937 (8th Cir. 2005).   Dismissal under Rule 12(b)(6) is only warranted "in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief."   Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004).

## II.  Fraud Claims

Best Buy asserts fifteen independent counts of fraud against fourteen of the landlord defendants.[4]   Best Buy also asserts claims for fraud against DDR in all fifteen counts.   The substance of Best Buy's fraud allegations are materially alike.   Specifically, Best

---

[4] Best Buy asserts separate claims for fraud against JDN Douglasville and JDN Overlook.

5

Buy claims that DDR knowingly submitted false billing statements on behalf of the landlord defendants that misrepresented that they had procured insurance and incurred certain expenses.   All of the defendants argue that Best Buy's fraud claims should be dismissed on two independent grounds.   First, defendants argue that Best Buy has not pleaded the fraud claims with sufficient particularity. Second, defendants argue that Best Buy has failed to state claims for fraud independent of its breach of contract claim.   Moreover, DDR, Cool Springs, Great Northern, Shoppers World and Nassau Park argue that Best Buy's fraud claims against them are time barred.

### A.   Specificity

Federal Rule of Civil Procedure 9(b) provides that a claim of fraud must be pleaded with particularity.   BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).   To satisfy the heightened pleading requirements, a plaintiff must set forth the "who, what, when, where, and how" of an alleged fraud.   United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006).   In other words, a plaintiff must plead "the time, place and contents" of the false representations, the identity of the individual who made the representations and what was obtained thereby.   BJC Health Sys., 478 F.3d at 917.   The heightened pleading requirements in fraud claims enable defendants to respond promptly and specifically to potentially damaging allegations.   Id. The requirements of Rule 9(b) must be read "in harmony with the

6

principles of notice pleading," and the level of particularity required depends upon the nature of a case. <u>Id.</u> (internal quotations omitted). However, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." <u>Id.</u> (internal quotations omitted).

Defendants argue that Best Buy has not pleaded its fraud claims with the requisite particularity because Best Buy has not identified the specific individuals who received and relied upon the allegedly fraudulent statements.[5]  In its April 27, 2007, order, the court granted defendants' motion to dismiss Best Buy's fraud claims without prejudice for lack of particularity.  The court noted that Best Buy "has not identified with any specificity which provisions of the 'leases, bills, invoices and reconciliations' are alleged to be fraudulent....  Neither has [Best Buy] identified with any clarity which defendant made which fraudulent statements or at what point in time and with what frequency such statements were made." (<u>See</u> Doc. No. 336 at 4.)  In response, Best Buy submitted a 129-page fifth amended complaint on June 25, 2007, devoting 111 pages to stating the facts constituting fifteen separate claims of fraud.  In the fifth amended complaint, Best Buy identifies exactly which documents it relied upon and when the documents were sent to Best Buy.  Further, Best Buy identifies

---

[5] In its complaint, Best Buy indicates that it, as an entity, received and relied on the allegedly fraudulent statements.

7

the allegedly fraudulent statements in the challenged documents and which entity defendant made each of the statements.  Although Best Buy has not identified the individuals who received and relied upon the allegedly fraudulent documents, it has identified the party that received the representation – i.e., Best Buy.  Therefore, the court determines that in the context of this litigation, Best Buy has pleaded the fraud claims in its fifth amended complaint with sufficient particularity to provide defendants with a meaningful opportunity to respond promptly and specifically to Best Buy's allegations.  Accordingly, defendant's motion to dismiss Best Buy's fraud claims for lack of particularity is denied.

### B.   Distinction Between Breach of Contract and Fraud

Best Buy and defendants agree that a breach of contract alone is not actionable in tort and that to be actionable a breach must, at minimum, accompany the violation of an independent duty imposed by law.  The parties disagree, however, about whether the fraud alleged by Best Buy is legally independent of its breach of contract claim against the landlord defendants.[6]

---

[6] Related to the independent duty distinction, the parties also argue that the economic loss doctrine supports their respective positions.  Broadly stated, the economic loss doctrine precludes recovery in tort for purely economic damages.  See R. Joseph Barton, Note, Drowning in a Sea of Contract: Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claims, 41 Wm. & Mary L. Rev. 1789, 1794-96 (2000); Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872-77 (9th Cir. 2007) (overview of economic loss doctrine).  In many states, this doctrine prevents purely economic recovery in tort between
(continued...)

This case is complicated by the confluence of two factors. First, "[t]he law of 'contorts' is a muddy area, devoid of bright line rules or easy answers as to what conduct constitutes a tort, and what a breach of contract." Cass v. Stephens, 156 S.W.3d 38, 68 (Tex. Ct. App. 2004). Second, eleven of the lease agreements contain choice of law provisions requiring the application and interpretation of the laws of nine different states. See Northwest Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d 1386, 1392 (8th Cir. 1997) (under Minnesota law, choice-of-law provision governs non-contract claims if claims "are closely related to the interpretation of contract and fall within the ambit of the express agreement").[7] Not surprisingly, the relevant states take different and inconsistent positions in dealing with this "muddy area" of law. See W. Page Keeton et al., Prosser & Keeton on Torts § 92 (5th Ed. 1984) ("The distinction between tort and contract liability, as between parties to a contract, has become an

_____

[6](...continued)
contracting parties in order to prevent tort law from thwarting the parties' expectations as reflected by the bargained-for duties imposed by the contract. See Dan B. Dobbs, An Introduction to Non-Statutory Economic Loss Claims, 48 Ariz. L. Rev. 713, 723 (2006). Fraud, however, presents a special case because it is an economic tort and frequently gives rise to purely economic loss. See, e.g., Giles, 494 F.3d at 875. The court addresses the economic loss doctrine where appropriate below.

[7] Moreover, the parties have not briefed the relevant state laws in any depth. Rather, the parties have simply made blanket allegations that the relevant state laws support their respective positions.

increasingly difficult distinction to make.  It would not be possible to reconcile the results of all cases.").  The analysis that follows applies the law of all applicable states to address defendants' argument that Best Buy's fraud claim does not exist independently of its breach of contract claim.

### 1.   DDR

Best Buy argues that the absence of a contractual relationship with DDR undermines defendants' argument that the fraud claim must be dismissed because it does not exist independently of the breach of contract claim.  Defendants respond that the lease agreements define the relationship between DDR and Best Buy, even if DDR is not a party to them, and therefore Best Buy should not be allowed to "convert its contract claims against its landlords into tort claims against [DDR]."  (Def. Reply Mem. at 4.)  Defendants, however, have cited no legal authority – and the court has found none – for the proposition that Best Buy's contractual relationship with the landlord defendants precludes Best Buy from filing a claim for fraud against DDR.  Accordingly, the court determines that Best Buy has properly stated claims for fraud against DDR.

### 2.   Landlord Defendants

#### a.   B-W, Nassau Park, Cool Springs, Salisbury and Boulevard

The lease agreements between Best Buy and defendants B-W, Nassau Park, Cool Springs, Salisbury and Boulevard do not contain

choice of law provisions.  "Federal courts sitting in diversity apply the forum state's conflict of laws rules." Nesladek v. Ford Motor Co., 46 F.3d 734, 736 (8th Cir. 1995).  Under Minnesota choice-of-law principles, the court first determines if a conflict of law exists.  Nodak Mut. Ins. Co. v. Am. Family Mut. Ins., 604 N.W.2d 91, 93-94 (Minn. 2000).  A conflict exists if application of the different states' laws would be outcome determinative.  Id. at 94.  If a conflict exists, the court must evaluate the relevant state contacts with the underlying litigation to determine whether application of the states' laws would be constitutional. Jepson v. Gen. Cas. Co., 513 N.W.2d 467, 469-70 (Minn. 1994).  If the conflict is substantive the court then considers five factors to determine which law to apply.  See Nodak, 604 N.W.2d at 94; Jepson, 513 N.W.2d at 470 (citing Milkovich v. Saari, 203 N.W.2d 408 (Minn. 1973)).

As noted in the court's December 8, 2006, order, Best Buy is a Virginia limited partnership with its principal place of business in Minnesota.  B-W, Nassau Park, Cool Springs and Salisbury all have their principal places of business in Ohio.  B-W and Cool Springs are Delaware entities, Nassau Park is a Georgia entity and Salisbury is an Ohio entity.  Best Buy leases retail space from B-W and Nassau Park in New Jersey, from Cool Springs in Tennessee and from Salisbury in Maryland.  Since the December 8, 2006, order,

Boulevard - a Delaware entity with its principal place of business in Ohio - has been added. Best Buy leases retail space from Boulevard in New York.

Defendants argue that no choice-of-law analysis is necessary because all of the relevant states "recognize that it is not a tort to breach a contract." (Def. Mem. Supp. at 4 n.3.) Best Buy, argues that it can maintain concurrent claims for fraud and breach of contract but that the court must "examine the applicable laws" of states other than Minnesota. (Pl. Mem. Opp'n at 3 n.1.) Neither party, however, has addressed the issue outside of footnotes in their briefs. Because the only two states that have direct connections to each party are Minnesota and Ohio, the court will limit its choice-of-law analysis to Minnesota and Ohio law.

Neither party has identified an outcome determinative conflict between Minnesota and Ohio and the court concludes that a conflict does not exist because neither state permits concurrent claims for fraud and breach of contract when separate damages for each claim have not been alleged. Compare <u>Hanks v. Hubbard Broad., Inc.</u>, 493 N.W.2d 302, 308 (Minn. Ct. App. 1992) ("To recover under theories of both contract and tort, a plaintiff must prove separate damages for fraud and breach.") <u>with</u> <u>Textron Fin. Corp. v. Nationwide Mut. Ins. Co.</u>, 684 N.E.2d 1261, 1271 (Ohio Ct. App. 1996) ("[A]n action arising out of contract which is also based upon tortious conduct must include actual damages attributable to the wrongful acts of

the alleged tortfeasor *in addition* to those attributable to the breach of contract." (citations omitted)). Therefore, the court will apply Minnesota law.

In Minnesota, a breach of contract, even if done in bad faith, is not a tort. <u>Wild v. Rariq</u>, 234 N.W.2d 775, 790 (Minn. 1975). Rather, "a party is not entitled to recover tort damages for a breach of contract, absent an 'exceptional case' where the breach of contract constitutes or is accompanied by an independent tort." <u>Cherne Contracting Corp. v. Wausau Ins. Co.</u>, 572 N.W.2d 339, 343 (Minn. Ct. App. 1991) (quoting <u>Wild</u>, 234 N.W.2d at 779-80). A tort is independent from a breach of contract if "a relationship would exist which would give rise to the legal duty without enforcement of the contract promise itself." <u>Hanks</u>, 493 N.W. 2d at 308. Moreover, "[t]o recover under theories of both contract and tort, a plaintiff must prove separate damages for fraud and for breach." <u>Id.</u>; <u>see also</u> <u>McNeill & Assocs., Inc. v. ITT Life Ins. Corp.</u>, 446 N.W.2d 181, 185 (Minn. Ct. App. 1989) ("When the gravamen of the complaint is the breach of contract, the plaintiff may not recover tort damages.").

In this case, Best Buy claims that defendants breached the lease agreements by not procuring the insurance contemplated by the agreements. Best Buy further argues that defendants committed fraud by submitting billing statements falsely indicating that defendants had procured insurance as contemplated by the lease

agreements.  Best Buy, however, has not shown that defendants'
alleged fraudulent conduct caused damages separate from the alleged
breach of contract.  Rather, the only damages alleged by Best Buy
are for the overpayment of insurance charges under the lease
agreements.  Accordingly, the court determines that Best Buy has
failed to state a claim for fraud under Minnesota law against
defendants B-W, Nassau Park, Cool Springs, Salisbury and Boulevard.

### b.    Riverdale - Minnesota Law

The lease agreement between Best Buy and Riverdale contains a
Minnesota choice-of-law provision.  For the reasons stated in the
preceding section, the court concludes that Best Buy has failed to
state a claim under Minnesota law against Riverdale.

### c.    Ahwatukee - Arizona Law

The lease agreement between Best Buy and Great Northern
contains an Arizona choice-of-law provision.  In Arizona, "[a]
breach of contract is not a tort unless the law imposes a duty on
the relationship created by the contract which exists apart from
the contract."  Aspell v. Am. Contract Bridge League of Memphis,
Tenn., 595 P.2d 191, 194 (Ariz. Ct. App. 1979).

In this case, the lease agreement established a contractual
relationship between Best Buy and Ahwatukee.  In addition to a
breach of contract claim, however, Best Buy asserts a claim for
fraud arguing that Ahwatukee made misrepresentations regarding the
procurement of insurance under the lease agreement.  Although the

14

lease agreement established the initial relationship between Best Buy and Ahwatukee and the fraud claim is based on facts related to the breach of contract claim, Arizona law imposes an independent duty not to commit fraud that exists apart from Best Buy's breach of contract claim.   Therefore, Best Buy has properly stated a claim for fraud against Ahwatukee under Arizona law.[8]

### d.   Flatiron - Colorado Law

The lease agreement between Best Buy and Flatiron contains a Colorado choice-of-law provision.   "Colorado maintains a sharp distinction between tort and contract actions, defining tort as the breach of a legal duty arising by law, independent of contract." Bloomfield Fin. Corp. v. Nat'l Life Assurance Co., 734 F.2d 1408, 1414 (10th Cir. 1984) (citing Newt Olson Lumber Co. v. School Dist. No. Eight, 263 P. 723, 724 (Colo. 1928)).   Therefore, "a party suffering only economic loss from the breach of contract of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." Town of Alma v. AZCO Constr., Inc., 10 P.3d 1256, 1264 (Colo. 2000).   "Examining the type of damages suffered may assist in

---

[8]  The court also determines that Arizona's economic loss doctrine does not preclude Best Buy's fraud claim in this case. See Moshir v. PatchLink Corp., No. CV-06-1052-PHX-FJM, 2007 U.S. Dist. LEXIS 10240, at *14-17 (D. Ariz. Feb. 13, 2007); KD & KD Enters., LLC v. Touch Automatio, LLC, No. CV-06-2083-PHX-FJM, 2006 U.S. Dist. LEXIS 93730, at *4-7 (D. Ariz. Dec. 27, 2006) ("Intentional fraud ... is based on a duty independent of those imposed by contract, and breach of that independent duty is not absolved by virtue of the economic loss doctrine.").

determining the source of the duty underlying the action." <u>Id.</u> at 1263. Such an examination, however, is less helpful when addressing torts that "are expressly designed to remedy pure economic loss (e.g., professional negligence, fraud, and breach of fiduciary duty)." <u>Id.</u> Instead, a court should focus its inquiry "on the source of the duty alleged to have been violated." <u>Id.</u> In Colorado, a claim for common law fraud is based on the violation of a duty independent of contract. <u>See</u> <u>Brody v. Bock</u>, 897 P.2d 769, 776 (Colo. 1995).

Similar to the analysis above, a duty not to commit fraud exists independently of Best Buy's breach of contract claim. The facts giving rise to both causes of action arise out of Flatiron's duty to procure insurance under the lease agreement. The lease agreement, however, does not subsume Flatiron's independent legal duty not to commit fraud. Accordingly, Best Buy's claim exists independently of the lease agreement, and Best Buy has properly stated a claim for fraud against Flatiron under Colorado law.[9]

### e.   Lakepointe - Texas Law

The lease agreement between Best Buy and Lakepointe contains a Texas choice-of-law provision. Texas law generally requires a

---

[9] There is no need to address the economic loss doctrine in Colorado as it is the same as the "independent duty" analysis above. <u>See</u> <u>Town of Alma</u>, 10 P.3d at 1262 n.8 ("[W]e believe that a more accurate designation of what is commonly termed the 'economic loss rule' would be the 'independent duty rule.' However, for the sake of consistency, we will continue to refer to it as the economic loss rule.").

two-step inquiry to determine whether a tort exists independent of a contract.  Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998); see also Cass v. Stephens, 156 S.W.3d 38, 68 (Tex. Ct. App. 2004).  First, a court considers whether the alleged conduct breached an obligation at law or at contract.  Formosa Plastics Corp., 960 S.W.2d at 46.  Second, a court considers whether the alleged injury relates to the subject matter of the contract.  Id.  However, when a plaintiff asserts a claim for fraud in the inducement of a contract, the plaintiff satisfies the first step and need not satisfy the second.  Id. at 47.  Moreover, Texas courts have refused to distinguish claims for fraud in the inducement of a contract from claims for fraud in the performance of an existing contract.  See Kajima Int'l, Inc. v. Formosa Plastics Corp., 15 S.W.3d 289, 293 (Tex. Ct. App. 2000) (contains negative appellate history unrelated to the tort/contract distinction).

Here, Best Buy asserts a claim against Lakepointe alleging fraud that occurred during the performance of an existing contract. The contractual relationship between the parties gave rise to the facts establishing both the breach of contract and the fraud claims.  However, an independent legal duty not to commit fraud exists separately from the contract even if the facts giving rise to both claims are not independent.  Therefore, because Texas law

does not require proof of separate damages to maintain concurrent claims for fraud and breach of contract, the court determines that Best Buy has properly stated a claim for fraud against Lakepointe.[10]

### f.    Great Northern - Ohio Law

The lease agreement between Best Buy and Great Northern contains an Ohio choice-of-law provision.  In Ohio, "a breach of contract does not create a tort claim."  <u>Textron Fin. Corp. v. Nationwide Mutual Ins. Co.</u>, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996) (citation omitted).  Instead, a tort claim based upon the same conduct as a breach of contract claim only exists if the party that allegedly breached the contract also breached a duty that exists in the absence of the contract.  <u>Id.</u>  Further, "an action arising out of a contract which is also based upon tortious conduct must include actual damages attributable to the wrongful acts of the alleged tortfeasor *in addition* to those attributable to the breach of contract."  <u>Id.</u> at 1271 (citations omitted); <u>see also Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.</u>, 476 F. Supp. 2d 809, 821 (S.D. Ohio 2007).

In this case, Best Buy's alleged damages for the breach of contract and the fraud - namely, overpayment of costs for insurance

---

[10]   The second step of the two-step inquiry in Texas incorporates the economic loss doctrine.  <u>See Sw. Bell Tel. Co. v. DeLanney</u>, 809 S.W.2d 493, 494-95 (Tex. 1991) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.").   Therefore, the court determines that a separate analysis with respect to the economic loss doctrine is unnecessary.

under the lease agreements - are identical.  Accordingly, Best Buy
has failed to state a claim for fraud against Great Northern.

### g.    Shoppers World - Massachusetts Law

In Massachusetts, a breach of contract alone is not a tort.
<u>Stock v. City of Boston</u>, 21 N.E. 871, 871 (Mass. 1889); <u>accord</u>
<u>Presto v. Sequoia Sys., Inc.</u>, 633 F. Supp. 1117, 1121 (D. Mass.
1986).  However, the existence of a contract does not preclude a
cause of action in tort if the tort was committed independent of
the contract.  <u>Stock</u>, 21 N.E. at 871.  This is true even if one of
the consequences of the tort is a breach of contract.  <u>Id.</u>  In
other words, "[i]f the relationship of the parties is such as to
support a cause of action in tort, that cause of action is not to
be denied because the parties happened also to have made a
contract."  <u>Presto</u>, 633 F. Supp. at 1121.

In this case, Best Buy does not assert that the alleged breach
of its lease agreement with Shoppers World alone constitutes the
alleged fraud.  Rather, Best Buy asserts that, in addition to the
facts giving rise to the breach of contract, Shoppers World
knowingly made false statements upon which Best Buy relied in
paying the additional rent.  Accordingly, the court determines
that, although the two claims are based on related facts, the fraud

claim is legally independent of the breach of contract claim. Therefore, Best Buy has properly stated a claim under Massachusetts law against Shoppers World.[11]

### h.   Spring Creek - Arkansas Law

Best Buy's lease agreement with Spring Creek contains an Arkansas choice-of-law provision.   In Arkansas, a breach of contract is not a tort.   Quinn Cos. v. Herring-Marathon Group, Inc., 773 S.W.2d 94, 94 (Ark. 1989).   However, "the existence of a contractual relationship between parties does not preclude the institution of a tort action."   Terminex Int'l Co. v. Stabbs, 930 S.W.2d 345, 345 (Ark. 1996).   Rather, "if the facts warrant, a party to a contract may sue on an independent tort claim."   Quinn Cos., 773 S.W.2d at 94.   A tort claim is generally independent if it consists of "an affirmatively wrongful act (misfeasance)." Westark Specialties, Inc. v. Stouffer Family, Ltd., 836 S.W.2d 354,

---

[11] Broadly speaking, "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage," in Massachusetts. FMR Corp v. Boston Edison Co., 613 N.E.2d 902, 903 (Mass. 1993) (citation omitted); see also Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 788 N.E.2d 522, 543 (Mass. 2003).   Economic losses resulting from negligent misrepresentation, however, are excepted from this rule because pecuniary loss is an element of the claim.   Nota Const. Corp. v. Keyes Assoc., 694 N.E.2d 401, 405 (Mass. App. Ct. 2001). Moreover, the court is aware of no Massachusetts cases applying the economic loss doctrine to bar claims of fraud between parties to a contract.   Therefore, the court determines that the economic loss doctrine does not preclude Best Buy's fraud claim against Shoppers World.

358 (Ark. 1992) (quoting L.L. Cole & Sons, Inc. v. Hickman, 665 S.W.2d 278 (Ark. 1984)).

Best Buy asserts that Spring Creek committed misfeasance by making affirmative misrepresentations regarding the insurance coverage required by the lease agreement. Although Spring Creek allegedly made misrepresentations in connection with the requirements imposed by its lease agreement with Best Buy, the existence of this agreement does not preclude Best Buy from stating a claim for fraud because the alleged misrepresentation is an affirmatively wrongful act. Accordingly, Best Buy has properly stated a claim for fraud against Spring Creek independent of the alleged breach of contract.[12]

> i.   **Turner Hill and JDN Douglasville - Georgia Law**

Best Buy's lease agreements with Turner Hill and JDN Douglasville contain Georgia choice-of-law provisions. In Georgia, breach of a contract alone does not constitute a tort. Servicemaster Co. v. Martin, 556 S.E.2d 517, 521 (Ga. Ct. App. 2001). Rather, "[a] plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law." Id.

---

[12] Arkansas has not adopted the economic loss doctrine. See Ralph C. Anzivino, The Fraud in the Inducement Exception to the Economic Loss Doctrine, 90 Marq. L. Rev. 921, 925 n.23 (2007) (citing Farm Bureau Ins. Co. v. Case Corp., 878 S.W.2d 741, 743 (Ark. 1994); Blagg v. Fred Hunt Co., 612 S.W.2d 321, 324 (Ark. 1981)).

Moreover, "misfeasance in the performance of a contractual duty" only gives rise to a tort claim if plaintiff has suffered "an independent injury over and above the mere disappointment of plaintiff's hope to receive the contracted-for benefit." Constr. Lender, Inc. v. Sutter, 491 S.E.2d 853, 858 (Ga. Ct. App. 1997).

As noted earlier, Best Buy has not alleged any damages independent of those suffered by defendants' alleged breach of contract. Therefore, under Georgia law Best Buy has failed to state a claim for fraud against Turner Hill and JDN under the Douglasville lease agreement.

### j.   JDN Overlook - Tennessee Law

The lease agreement between Best Buy and JDN Overlook contains a Tennessee choice-of-law provision. Under Tennessee law, a breach of contract alone does not constitute a tort. See Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992). However, "[c]onduct constituting breach of contract becomes tortious ... when it also violates a duty independent of the contract, arising from wider principles of social responsibility." Thomas & Assocs. v. Metro. Gov't of Nashville & Davidson County, No. M2001-00757-COA-R3-CV, 2003 Tenn. App. LEXIS 425, at *18-19 (Tenn. Ct. App. June 6, 2003).

Although the conduct constituting Best Buy's fraud claim against JDN Overlook is related to the breach of contract claim, the court determines that the fraud claim is legally independent

22

from the breach of contract claim.  Therefore, under Tennessee law, Best Buy has properly stated a claim for fraud against JDN Overlook.[13]

### C.   Statute of Limitations as to DDR and Shoppers World

DDR and Shoppers World argue that Best Buy's fraud claims against them are time barred.[14]  Minnesota law provides a six-year statute of limitations for fraud claims.[15]  Minn. Stat. § 541.05, subdiv. 1(6).  A cause of action for fraud accrues upon "discovery by the aggrieved party of the facts constituting the fraud."  Id. "The facts constituting the fraud are deemed to have been discovered when, with reasonable diligence, they could and ought to have been discovered."  Kassan v. Kassan, 400 N.W.2d 346, 349

---

[13] The court also determines that the economic loss doctrine does not preclude Best Buy's fraud claim.  Specifically, "[t]here are no reported cases in which Tennessee courts have applied the economic loss doctrine to dismiss a fraud claim where the plaintiff was able to prove actual fraud, and there is no reason to believe the Supreme Court of Tennessee would do so."  Gibson v. Total Car Franchising Corp., No. 1:01CV994, 2004 U.S. Dist. LEXIS 15205, at *21 (M.D.N.C. 2004).

[14] Because the court determines that Best Buy failed to state claims for fraud against Cool Springs, Great Northern and Nassau Park, it need not address the argument that Best Buy's fraud claims against them are time barred.

[15] Both parties cite exclusively to Minnesota law and neither party argues that a conflict exists between the various states' statutes of limitations.  However, even if there was a conflict, the court would apply Minnesota law because the statutes of limitations are procedural matters relating to remedies and are governed by the forum state.  See Fla. State Bd. of Admin. v. Law Eng'q & Envtl. Servs., 262 F. Supp. 2d 1004, 1011 (D. Minn. 2003).

(Minn. Ct. App. 1987) (quoting <u>Bustad v. Bustad</u>, 116 N.W.2d 552 (Minn. 1962)).  A plaintiff has the burden of alleging that "he did not discover the facts constituting the fraud until within six years before the commencement of the action."  <u>Blegen v. Monarch Life Ins. Co.</u>, 365 N.W.2d 356, 357 (Minn. Ct. App. 1985) (quoting <u>Duxbury v. Boice</u>, 72 N.W. 838 (Minn. 1897)).

In its complaint, Best Buy alleges claims for fraud against DDR and Shoppers World dating back to 1997.  The specific issue is whether Best Buy has sufficiently alleged that, using reasonable diligence, it did not discover the facts constituting the alleged fraud until after April 11, 2000.[16]  Best Buy argues that it did not discover the facts giving rise to the alleged fraud until shortly before filing this suit because for several years prior to filing the present action DDR refused its demands for an explanation and documentation as to how the insurance charges were calculated. (Fifth Am. Compl. ¶¶ 39-42.)  At this stage of the litigation, where review is limited to the pleadings, the court determines that Best Buy has adequately pleaded that it was reasonably diligent in

---

[16] Defendants urge that April 11, 2006 - the date of the first amended complaint - should be considered the date that this action was filed for purposes of applying the statute of limitations because the fraud claims asserted in the fifth amended complaint "arose out of the conduct, transaction, or occurrence set forth" in the first amended complaint.  Fed. R. Civ. Pro. 15(c)(2).  Best Buy does not challenge this assertion, and the court agrees that the fifth amended complaint relates back to the first amended complaint.  Therefore, the court will consider April 11, 2006, the date that this action was filed.

24

pursuing the facts giving rise to the alleged fraud.  Accordingly, dismissal of the fraud claims against DDR and Shoppers World is not warranted.

## III.  Breach of Fiduciary Duty Claims as to DDR, Cool Springs, Great Northern, Shoppers World and Nassau Park

DDR, Cool Springs, Great Northern, Shoppers World and Nassau Park argue that Best Buy's breach of fiduciary duty claims against them are time barred.  In Minnesota, application of the statute of limitations to claims for breach of fiduciary duty is subject to the same "discovery rule" as claims for fraud.  See Hope v. Klabal, 457 F.3d 784, 790 (8th Cir. 2006) (citing Anderson v. Anderson, 197 N.W.2d 720, 726 (Minn. 1972)).  Therefore, for the same reasons as stated above, the court denies defendants' motion to dismiss as time barred Best Buy's breach of fiduciary duty claims against DDR, Cool Springs, Great Northern, Shoppers World and Nassau Park.

## IV.  Breach of Contract and Declaratory Judgment Claims as to Cool Springs, Great Northern, Shoppers World and Nassau Park

Cool Springs, Great Northern, Shoppers World and Nassau Park argue that Best Buy's breach of contract and declaratory judgment claims against them are time barred by Minnesota's six-year statute of limitations.  See Minn. Stat. § 541.05, subdiv. 1(1).  Best Buy responds that the statute of limitations should be tolled as applied to the breach of contract claims because defendants fraudulently concealed the breach of contract.

In Minnesota, "[a] statute of limitations may be tolled if the cause of action is fraudulently concealed by the defendant." Haberle v. Buchwald, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992). Fraudulent concealment requires proof of three elements: (1) that defendant made a statement or statements that concealed the cause of action; (2) that defendant's statement or statements were intentionally false; and (3) that plaintiff could not have discovered the concealment through reasonable diligence.   See Williamson v. Prasciunas, 661 N.W.2d 645, 650 (Minn. Ct. App. 2003) (citing Haberle, 480 N.W.2d at 357.)).

In this case, Best Buy alleges that defendants submitted knowingly false billing statements regarding the insurance contemplated by the lease agreements. (See Fifth Am. Compl. ¶¶ 59-212.)  Further, Best Buy alleges that it demanded explanations and backup documentation from defendants regarding the calculation of insurance charges and that defendants refused to provide such information.  (Id. ¶¶ 38-42.)  At this stage of the proceedings, the court determines that Best Buy has pleaded facts suggesting fraudulent concealment of defendants' alleged breach of contract sufficient to survive defendants' motion to dismiss.  Accordingly, Cool Springs, Great Northern, Shoppers World and Nassau Park's motion to dismiss Best Buy's breach of contract and declaratory judgment claims is denied.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that:

1.    Defendants B-W, Nassau Park, Cool Springs, Salisbury, Boulevard, Riverdale, Great Northern, Turner Hill and JDN Douglasville's motion to dismiss plaintiff's fraud claims [Doc. No. 379] is granted;

2.    Defendants DDR, Ahwatukee, Flatiron, Lakepointe, Shoppers World, Spring Creek and JDN Overlook's motion to dismiss plaintiff's fraud claims [Doc. No. 379] is denied;

3.    Defendants DDR, Cool Springs, Great Northern, Shoppers World and Nassau Park's motion to dismiss plaintiff's breach of fiduciary duty claims [Doc. No. 380] is denied;

4.    Defendants Cool Springs, Great Northern, Shoppers World and Nassau Park's motion to dismiss plaintiff's breach of contract and declaratory judgment claims [Doc. No. 381] is denied.

5.    In all future motions addressing the substantive merits of the claims in this case, the parties shall fully and completely brief the applicable law from every relevant state.  In the alternative, the parties may stipulate to the applicability of a particular state's law as to all claims.

Dated:  November 21, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court

27