UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2310(DSD/JJG)


Best Buy Stores, L.P.,

           Plaintiff,

v.                                                **ORDER**

Developers Diversified Realty
Corporation, DDR GLH, LLC.;
Benderson-Wainberg Associates, LP;
DDR MDT Cool Springs Point LLC;
DDRA Ahwataukee Foothills, LLC;
DDR Flatiron LLC; DDRA Community
Centers Four, LP; DDR MDT Lakepointe
Crossing, LP; DDR MDT Great Northern,
LLC; DDR MDT Shoppers World, LLC;
DDR MDT Riverdale Village Outer Ring,
LLC; DDR Hendon Nassau Park II, LP;
DDRC PDK Salisbury LLC,

           Defendants.


     Thomas C. Mahlum, Esq., Mpatanishi S. Tayari Garrett,
     Esq. and Robins, Kaplan, Miller & Ciresi, 2800 LaSalle
     Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402 and
     Robert A. Machson, Esq., 7 White Birch Ridge, Weston, CT
     06883, counsel for plaintiff.

     Amanda A. Kessler, Esq., Jennifer M. Burke, Esq., Dena M.
     Kobasic, Esq., Steven Kaufman, Esq. and Thompson Hine,
     LLP., 3900 Key Center, 127 Public Square, Cleveland OH
     44114 and D. Charles Macdonald, Esq., Martin S. Chester,
     Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90
     South Seventh Street, Minneapolis, MN 55402, counsel for
     defendants.


     This matter is before the court upon plaintiff Best Buy

Stores, L.P., ("Best Buy"), and defendants' separate objections to

the order of Magistrate Judge Jeanne J. Graham dated September 5,

2007, in which the magistrate judge granted Best Buy's motion to

compel discovery and granted in part and denied in part defendants'
motion to compel discovery.

## BACKGROUND

The facts giving rise to this litigation are set forth in the
court's November 21, 2007, order.  See Best Buy Stores, L.P. v.
Developers Diversified Realty Corp., Civ. No. 05-2310, 2007 U.S.
Dist. LEXIS 86283, at *1-5 (D. Minn. Nov. 21, 2007).  A brief
outline, however, is appropriate.  Best Buy, a commercial tenant,
filed suit against sixteen of its landlords and the landlords'
property manager.  Best Buy asserts claims for breach of contract,
breach of fiduciary duty, declaratory judgment and fraud, all
arising from a dispute over materially similar provisions in
seventeen lease agreements that require defendants to procure
insurance for the common areas of the leased properties.

The magistrate judge's September 5, 2007, order addressed two
separate motions to compel filed by defendants and a motion to
compel filed by Best Buy.  Relevant to this appeal, the magistrate
judge held that Best Buy adequately responded to defendants'
interrogatory number three in their second set of interrogatories,
that Best Buy, as a general matter, made a good faith effort to
conduct electronic discovery and that Best Buy must restore an
electronic database from a separate litigation to permit discovery
by defendants.  The parties' objections followed.

2

**ANALYSIS**

## I.   Standard of Review

A district court will reverse a magistrate judge's order on a nondispositive discovery matter only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). This is an "extremely deferential" standard.  <u>Reko v. Creative Promotions, Inc.</u> 70 F. Supp. 1005, 1007 (D. Minn. 1999).

## II.  Response to Interrogatory

Interrogatory number three of defendants' second set of interrogatories asks Best Buy to identify to whom the alleged misrepresentation in paragraph sixty-two of the fourth amended complaint was made.[1]  Best Buy responded that the alleged misrepresentation was made to it as an entity.  The magistrate judge concluded that Best Buy substantially complied with the interrogatory request and need not identify the specific individual who received the alleged misrepresentation.  Defendants object to this conclusion.

Federal Rule of Civil Procedure 33(b) provides that "[e]ach interrogatory shall be answered separately and fully in writing." For the reasons stated in the court's November 21, 2007, order, with respect to defendants' particularity argument, the court determines that Best Buy complied with Rule 33(b) by responding

---

[1] Best Buy's subsequent filing of a fifth amended complaint does not change the court's analysis.

3

that it - as an entity - received the alleged misrepresentation. <u>See</u> <u>Best Buy Stores, L.P.</u>, 2007 U.S. Dist. LEXIS, at *6-9. Therefore, defendants' objection is overruled.

## III.  Electronic Discovery

Both parties object to certain portions of the magistrate judge's order addressing electronic discovery.  Defendants' object to the magistrate judge's order "to the extent it denies Defendants' motion to compel Plaintiff to fulfill its discovery obligations by conducting thorough, systematic searches for electronic data responsive to its discovery requests, and further determines that Plaintiff's haphazard efforts to search its systems for responsive data were reasonable." (Def. Obj. at 2.)  Best Buy objects to the portion of the magistrate judge's order requiring it to make available for discovery a database prepared for another litigation.  (Pl. Obj. at 1.)

The magistrate judge concluded that a database prepared by Best Buy in the case of <u>Odom v. Microsoft Corp.</u>, ("<u>Odom</u> database"), is reasonably accessible despite a cost of at least $124,000 to restore the data to searchable form.   (Mag. Order at 18-19.) Specifically, the magistrate judge determined that the <u>Odom</u> database is reasonably accessible because $124,000 is a reasonable cost considering the potential breach of contract damages in excess of $800,000, the potential for enhanced damages associated with Best Buy's breach of fiduciary duty and fraud claims and the

4

potential long-term economic impact of the outcome of the litigation on all parties. Although the issues in <u>Odom</u> and the information in the database were unknown to the magistrate judge, Best Buy did not challenge the database's relevancy. (Mag. Order at 18.) In ordering discovery of the database, the magistrate judge noted that "discovery in the <u>Odom</u> case is complete [and] the database has ... been archived by an e-discovery vendor." <u>Id.</u> at 18. Best Buy, in objecting to the magistrate judge's order, notes that the discovery is not complete, the database has not been archived and "the data can only be restored from original sources such as backup tapes." (Pl. Obj. at 4, 6.) Therefore, Best Buy argues that the magistrate judge clearly erred in determining that the <u>Odom</u> database is reasonably accessible and ordering its discovery. Defendants contend that even if the <u>Odom</u> database is not now reasonably accessible, Best Buy was under a duty to preserve the evidence at the time it downgraded the database and that the reasonable accessibility of the database should be determined from the time Best Buy had a duty to preserve relevant evidence.

Federal Rule of Civil Procedure 26(b) governs the scope and limits of the discovery of electronically stored information ("ESI"). As an initial matter, all discoverable material must be relevant and not privileged. Fed. R. Civ. P. 26(b)(1). The material need not be admissible as evidence but must be reasonably

calculated to lead to admissible materials.  Id.  Discovery of relevant and nonprivileged ESI, however, is limited if the party from whom discovery is sought establishes that it is "not reasonably accessible because of undue burden or cost."  Fed. R. Civ. P. 26(b)(2)(B).  If the ESI is not reasonably accessible, it is only discoverable upon a showing of good cause by the requesting party, taking into consideration the limitations of Rule 26(b)(2)(C).  Id.

### A.   Reasonable Accessibility

Reasonable accessibility is best understood in terms of whether the ESI "is kept in an *accessible or inaccessible* format (a distinction that corresponds closely to the expense of production)."  Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 318 (S.D.N.Y. 2003); see also W.E. Aubuchon Co. v. Benefirst, LLC, Civ. No. 05-40159, 2007 U.S. Dist. LEXIS 44574, at *10-13 (D. Mass. Feb. 6, 2007) (applying Zubulake to amended Rule 26(b)(2)).  This distinction largely depends "on the media on which [the ESI] is stored."  Zubulake, 217 F.R.D. at 318.

In this case, all of the information in the Odom database not relevant to the Odom litigation was downgraded beginning on July 27, 2006, so that now the information would have to be restored from original sources.  (Pl. Obj. at 6.)  The parties disagree as to whether the original sources from which the data would have to be restored are backup tapes.  (Def. Reply at 2 n.3.)  The parties

agree, however, that the information is no longer in a searchable format and that the database would have to be restored at a cost of at least $124,000 with a monthly storage cost of $27,823. (See Van Der Grinten Decl. ¶ 4.)  Because of the high cost to restore and maintain the database and the fact that it would have to be restored from original sources, the court determines that the Odom database is not at present reasonably accessible.  Defendants, however, argue that the accessibility of the database should be determined from a time prior to July 27, 2006, because Best Buy downgraded the database after it had a duty to preserve it for discovery in this litigation.

## B.   Best Buy's Duty to Preserve

"The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 1998); see also Doctor John's, Inc. v. City of Sioux City, 486 F. Supp. 2d 953, 954-55 (N.D. Iowa 2007) (gathering cases). This obligation does not require the preservation of all potential evidence or "every single scrap of paper" in a business. Wiginton v. CB Richard Ellis, No. 02C6832, 2003 U.S. Dist. LEXIS 19128, at *12-13 (N.D. Ill. Oct. 24, 2003).  Rather, "a party must preserve

evidence that it has notice is reasonably likely to be the subject of a discovery request even before a request is actually received." Id. at *13 (citations omitted).

Best Buy filed its complaint in this case on September 30, 2005.   On April 11, 2006, Best Buy filed an amended complaint against fourteen defendants alleging claims for breach of contract, breach of fiduciary duty and declaratory judgment.   Between February 14, 2006, and July 27, 2006, the Odom database contained searchable information from Best Buy's V: and P: drives – two of the four sources where Best Buy alleges potentially responsive ESI is located.[2]   By July 27, 2006, discovery in this matter was underway and Best Buy had reason to know the complexity of the case and the potential for extensive discovery.   Because of the vast quantity of information in the Odom database, Best Buy should have been on notice that defendants would seek discovery of some of that information.   The database, however, would have been potentially relevant to virtually any litigation involving Best Buy because of the quantity and nature of the information it contained.   Absent specific discovery requests or additional facts suggesting that the

---

[2] The V: drive is a shared drive allowing access to documents from multiple people in a department.   The P: drive is a personal drive on the main system that allows access to documents by the employee who saved the document.   The other two sources with potentially responsive ESI are the C: drive, which is the actual hard drive of an employee's computer that is not saved on the main system, and an employee's e-mail account.   (See Pl. Obj. at 3.)

database was of particular relevance to this litigation,[3] the court determines that Best Buy did not have an obligation to maintain the Odom database at a monthly cost of over $27,000.  Moreover, by downgrading the database, Best Buy did not destroy the information it contained but rather removed it from a searchable format. Therefore, Best Buy did not have a duty to preserve the Odom database as of July 27, 2006, and it need not restore the information to searchable format unless defendants establish good cause.

### C.   Good Cause Exception

Rule 26(b)(2)(B) permits discovery of ESI from sources that are not reasonably accessible if "the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)."  Rule 26(b)(2)(C) requires a balancing of the costs and potential benefits of discovery that applies to all discovery requests.[4]  See

---

[3] Defendants did not seek responsive ESI until March 21, 2007.

[4] Rule 26(b)(2)(C) limits otherwise permissible discovery if the court determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2) advisory committee's notes (2006).   The advisory committee's notes provide seven factors to inform the specific "good cause" inquiry required under Rule 26(b)(2)(B):

> (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

Id.

The magistrate judge sustained several of Best Buy's objections to defendants' requests for production and limited the scope of others.   Specifically, the magistrate judge ordered Best Buy to produce documents indicating how its landlords calculate insurance charges under all of its leases in the same states as the properties at issue in this case.   (Mag. Order at 9.)   Moreover, the magistrate judge ordered Best Buy to produce "documents that explain the policies underlying its self-funded escrow or captive insurance programs" and "documents that substantively explain how internal escrow or captive insurance programs are funded, including any documents that supply guidance about appropriate funding levels."   (Id. at 11.)   Neither party objects to this portion of the magistrate judge's order.   Therefore, the court limits its good

10

cause inquiry to the scope of discovery ordered by the magistrate judge.

Defendants argue that the _Odom_ database will contain materials responsive to the discovery ordered by the magistrate judge because Best Buy has yet to search for such materials. However, defendants do not argue that these materials are uniquely available from the _Odom_ database or that Best Buy could not more easily obtain the materials from another source. Indeed, the ordered discovery likely exists in hard copy format, and any relevant ESI could be gathered manually without the need for restoration of the _Odom_ database.

The focus of defendants' arguments, both in response to Best Buy's objection and in their own generalized objections, is that Best Buy haphazardly conducted electronic discovery. Specifically, defendants note concern about the lack of involvement from Best Buy's information technology department to aid in the collection of ESI, the search practices of Best Buy's property management department, Best Buy's failure to preserve and search documents related to departed employees and Best Buy's alleged failure to adequately search e-mail archives. Defendants, however, have failed to connect any of these concerns with the specific discovery ordered by the magistrate judge. In the absence of particularized arguments, the court cannot conclude that defendants have established the good cause required to restore the _Odom_ database.

Accordingly, the court determines that, for the limited purpose of responding to the discovery required by the September 5, 2007, order, Best Buy need not restore the <u>Odom</u> database, and the magistrate judge's conclusion to the contrary is clearly erroneous. Further, the court also determines that the magistrate judge's order with respect to the remaining electronic discovery - when examined in light of the limited discovery ordered by the magistrate judge - is not clearly erroneous or contrary to law. Accordingly, defendants' separate objections to the order are denied.

## CONCLUSION

Therefore, it is hereby ordered that:

1.   Best Buy's objection [Doc. No. 443] is sustained; and

2.   Defendants' objections [Doc. No. 439] are overruled.

Dated:  November 29, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court

12