UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 05-2310(DSD/JJG)


Best Buy Stores, L.P.,

            Plaintiff,

v.                                                         **ORDER**

Developers Diversified Realty
Corporation, DDR GLH, LLC.;
Benderson-Wainberg Associates, LP;
DDR MDT Cool Springs Point LLC;
DDRA Ahwataukee Foothills, LLC;
DDR Flatiron LLC; DDRA Community
Centers Four, LP; DDR MDT Lakepointe
Crossing, LP; DDR MDT Great Northern,
LLC; DDR MDT Shoppers World, LLC;
DDR MDT Riverdale Village Outer Ring,
LLC; DDR Hendon Nassau Park II, LP;
DDRC PDK Salisbury LLC,

            Defendants.

     Thomas C. Mahlum, Esq., Mpatanishi S. Tayari Garrett,
     Esq. and Robins, Kaplan, Miller & Ciresi, 2800 LaSalle
     Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402 and
     Robert A. Machson, Esq., 7 White Birch Ridge, Weston, CT
     06883, counsel for plaintiff.

     Amanda A. Kessler, Esq., Jennifer M. Burke, Esq., Dena
     M. Kobasic, Esq., Steven Kaufman, Esq. and Thompson
     Hine, LLP., 3900 Key Center, 127 Public Square,
     Cleveland OH 44114 and D. Charles Macdonald, Esq.,
     Martin S. Chester, Esq. and Faegre & Benson, 2200 Wells
     Fargo Center, 90 South Seventh Street, Minneapolis, MN
     55402, counsel for defendants.

     This matter is before the court on plaintiff's appeal from

the November 16, 2007, order by Magistrate Judge Jeanne J. Graham

denying plaintiff's motion to amend its complaint to plead

punitive damages.[1]  Based on a review of the record and the parties' submissions, the court affirms the magistrate judge's order.

## BACKGROUND[2]

This is a diversity-based action arising out of seventeen lease agreements between plaintiff Best Buy Stores, L.P. ("Best Buy") and sixteen landlord defendants ("landlord defendants") for properties in thirteen states.  The landlord defendants are allegedly controlled or owned by defendant Developers Diversified Realty Corporation ("DDR").  In its fifth amended complaint, Best Buy asserts claims for breach of contract and declaratory judgment against the landlord defendants, breach of fiduciary duty against all defendants and fraud against DDR and all but two of the landlord defendants.[3]

---

[1] Plaintiff requested oral argument.  The court, however, determines that oral argument is unnecessary for resolution of this matter and denies plaintiff's request.

[2] The details of this dispute have been set forth in earlier orders.  See Best Buy Stores, L.P. v. Developers Diversified Realty Corp., Civ. No. 05-2310, 2007 U.S. Dist. LEXIS 86283, at *1-5 (D. Minn. Nov. 21, 2007); Best Buy Stores, L.P. v. Developers Diversified Realty Corp., Civ. No. 05-2310, 2006 U.S. Dist. LEXIS 89182, at *2-6 (D. Minn. Dec. 8, 2006).  Only the facts germane to this appeal follow.

[3] The court granted defendants' motion to dismiss Best Buy's fraud claims as to nine of the landlord defendants in its November 21, 2007, order.  However, the court denied defendants' motion as to DDR and six of the landlord defendants.

Best Buy's claims arise from the same general set of facts. The lease agreements between Best Buy and the landlord defendants contain materially similar provisions requiring the landlord to procure insurance to cover certain property and personal injury claims of which Best Buy must pay its proportional share. Defendants procured insurance containing deductibles of $100,000 per occurrence. However, defendants did not obtain outside insurance for claims under $100,000 but instead maintained a self-funded program that Best Buy alleges violated the terms of the lease agreements and resulted in substantial overcharges.[4] Defendants based their charges under that program on letters from insurance underwriters. The letters, though, were not quotes for insurance, and the underwriters were not prepared to sell the insurance described in the letters. Moreover, defendants never revealed their reliance on the underwriters' letters despite requests by Best Buy for information regarding the self-funded program, and none of defendants' employees or officers has accepted responsibility for calculating the charges.

Although defendants did not obtain insurance and were not themselves licensed to offer or sell insurance, in their billing statements they often referred to the charges for the self-funded

---

[4] While not specific to Best Buy, the record indicates that between 1998 and 2004 defendants billed all of their tenants a total of more than $44,000,000 in excess of their actual deductible losses under the self-funded program.

program as covering costs of insurance. Moreover, in an internal memorandum DDR acknowledged that "[t]he leases of national tenants generally require that the landlord deliver evidence of payment of a premium as a condition of payment. Since DDR does not procure zero deductible insurance policies, it cannot provide a premium statement that technically satisfies the requirements of the tenant leases." (Pl. Ex. D.)

On October 1, 2007, Best Buy moved to amend its complaint for a sixth time to assert punitive damages. The magistrate judge denied Best Buy's motion on November 16, 2007. This appeal followed, and the court affirms.

## DISCUSSION

### I. Standard of Review

A district court reviews a magistrate judge's order with respect to a nondispositive motion under an "extremely deferential" clearly erroneous or contrary to law standard. See Reko v. Creative Promotions, Inc. 70 F. Supp. 1005, 1007 (D. Minn. 1999); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). A magistrate judge's ruling denying a motion to amend a complaint to assert punitive damages is nondispositive and is subject to deferential review in the district court. See Multi-Tech Sys., Inc. v. Hayes Microcomputer Prods., Inc., 800 F. Supp. 825, 853-54 (D. Minn. 1992).

**II.  Punitive Damages**

Under Minnesota law,[5] a plaintiff may not assert punitive damages in its complaint but must instead later move to amend the pleadings to claim punitive damages.  Minn. Stat. § 549.191.  Such a motion must assert the applicable legal basis for awarding punitive damages and contain one or more affidavits with facts supporting the motion.  Id.  A court will grant the motion if it finds prima facie evidence of an entitlement to punitive damages.  Id.  In reviewing the evidence, a court "makes no credibility rulings, and does not consider any challenge, by cross-examination or otherwise, to the plaintiff's proof."  Berczyk v. Emerson Tool Co., 291 F. Supp. 2d 1004, 1008 n.3 (D. Minn. 2003) (citation omitted).

Minnesota Statute § 549.20 provides the applicable standard for entitlement to punitive damages:

> (a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.
>
> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts

---

[5] The parties agree that Minnesota law governs the punitive damages issue.  The magistrate judge indicated that Best Buy "evidently does not seek punitive damages" on the claims that are potentially governed by law other than Minnesota law. (Mag. Order at 4-5 n.1.)  However, based on the parties' agreement, the court determines that Best Buy's motion to amend its complaint to assert punitive damages applies to all relevant claims regardless of which states' substantive law governs.

>    that create a high probability of injury to the rights
>    or safety of others and:
>
>> (1) deliberately proceeds to act in conscious
>> or intentional disregard of the high degree of
>> probability of injury to the rights or safety
>> of others; or
>
>> (2) deliberately proceeds to act with
>> indifference to the high probability of injury
>> to the rights or safety of others.

The magistrate judge determined that claims for fraud and breach of fiduciary duty permit punitive damages. (Mag. Order at 7.) The magistrate judge, however, concluded that Best Buy failed to establish a prima facie case by clear and convincing evidence that defendants acted in deliberate disregard of Best Buy's rights. (Id. at 10.)

Best Buy argues that defendants knew the self-funded program violated the terms of the lease agreements and that they maintained the program and knowingly made false representations in conscious disregard of or indifference to the high degree of probability that it resulted in Best Buy being overcharged. Specifically, Best Buy argues that the following establishes defendants' deliberate disregard of Best Buy's rights: the billing statements falsely claimed that certain charges were for insurance; DDR's internal memorandum suggests DDR knew that the self-funded program did not satisfy the terms of the lease agreements; defendants made millions of dollars off of the self-funded program; DDR relied on letters from insurance underwriters

6

to determine appropriate charges but did not reveal such reliance despite Best Buy's requests for information; and no employee or officer of DDR has taken responsibility for calculating the amount charged under the self-funded program.  As the magistrate judge correctly noted, Best Buy has provided some circumstantial evidence suggesting that defendants acted in deliberate disregard of Best Buy's rights.  The evidence, however, is limited and does not give rise to a prima facie showing of clear and convincing evidence that defendants acted with deliberate disregard.  Cf. Gamma-10 Plastics v. Am. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (plaintiff's circumstantial evidence insufficient to disturb district court's denial of motion to amend to plead punitive damages under Minnesota law).  Therefore, the magistrate judge's order was neither clearly erroneous nor contrary to law.[6]

---

[6] The court also notes that absent a showing of good cause, Best Buy's motion would have been denied as untimely under the amended pretrial scheduling order.  The scheduling order required that motions to amend the pleadings to assert punitive damages be filed on or before the fact discovery deadline on September 28, 2007.  (See Doc. Nos. 203, 356.)  Best Buy filed its motion on October 1, 2007.  See Kozloski v. Am. Tissue Servs. Found., Civ. No. 06-295, 2007 U.S. Dist. LEXIS 92917, at *2-3 (D. Minn. Dec. 18, 2007).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the magistrate judge's November 16, 2007, order denying Best Buy's motion to amend its complaint to assert punitive damages is affirmed.

Dated:  January 25, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court
