UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2310(DSD/JJG)


Best Buy Stores, L.P.,

            Plaintiff,

v.                                                    **ORDER**

Developers Diversified Realty
Corporation, DDR GLH, LLC.;
Benderson-Wainberg Associates, LP;
DDR MDT Cool Springs Point LLC;
DDRA Ahwatukee Foothills, LLC;
DDR Flatiron LLC; DDRA Community
Centers Four, LP; DDR MDT Lakepointe
Crossing, LP; DDR MDT Great Northern,
LLC; DDR MDT Shoppers World, LLC;
DDR MDT Riverdale Village Outer Ring,
LLC; DDR Hendon Nassau Park II, LP;
DDRC PDK Salisbury LLC,

            Defendants.


      Thomas C. Mahlum, Esq., Mpatanishi S. Tayari Garrett,
      Esq. and Robins, Kaplan, Miller & Ciresi, 2800 LaSalle
      Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402 and
      Robert A. Machson, Esq., 7 White Birch Ridge, Weston, CT
      06883, counsel for plaintiff.

      Amanda A. Kessler, Esq., Jennifer M. Burke, Esq., Dena M.
      Kobasic, Esq., Steven Kaufman, Esq. and Thompson Hine,
      LLP., 3900 Key Center, 127 Public Square, Cleveland OH
      44114 and D. Charles Macdonald, Esq., Martin S. Chester,
      Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90
      South Seventh Street, Minneapolis, MN 55402, counsel for
      defendants.



      This matter is before the court upon plaintiff Best Buy

Stores, L.P.'s ("Best Buy") objection to the Report and

Recommendation[1] of Magistrate Judge Jeanne J. Graham dated February 14, 2008, in which the magistrate judge granted in part defendants' motion for sanctions and granted Best Buy's motion to modify the pretrial scheduling order.[2]

## BACKGROUND

Best Buy, a commercial tenant, brings this action against sixteen of its landlords and the landlords' property manager (collectively "defendants"). The genesis of Best Buy's claims are materially similar provisions in seventeen lease agreements that require defendants to procure insurance. In addition to paying a fixed rent, the lease agreements require Best Buy to pay additional rent to cover, among other things, its proportionate share of the insurance. Best Buy alleges that defendants obtained insurance for claims in excess of $100,000 but maintained a self-funded program to cover lesser claims. Best Buy asserts that defendants breached the lease agreements by not obtaining proper insurance, breached their fiduciary duties by misallocating Best Buy's additional rent

---

[1] The magistrate judge couched her order as a "Report and Recommendation." As discussed below, however, the sanctions ordered by the magistrate judge are nondispositive and subject to a deferential standard of review in the district court.

[2] The court denies Best Buy's request for oral argument.

2

and committed fraud by falsely asserting that they had properly procured insurance when they were actually maintaining a self-funded program.

Since Best Buy filed this action in September 2005, the parties have engaged in lengthy and contentious fact discovery resulting in defendants' motion for sanctions due to Best Buy's alleged failure to comply with the magistrate judge's discovery orders.   On February 14, 2008, the magistrate judge granted defendants' motion in part.   Best Buy timely objected on February 29, 2008.[3]

## DISCUSSION

### I.   Standard of Review

A motion for sanctions based on alleged discovery violations is nondispositive "unless imposition of the sanction would be dispositive of a party's claim or defense."   14 James Wm. Moore et

---

[3] Through letters to the court, the parties dispute whether defendants timely responded to Best Buy's objection.   The parties agree that defendants had ten days, excluding weekends and holidays, from February 29 to respond pursuant to Local Rule 72.2, and that because defendants served Best Buy electronically, Best Buy had three additional days pursuant to Federal Rule of Civil Procedure 6(d).   The parties dispute, however, whether the additional three day period includes weekends.   The court determines that the three-day period is distinct from the ten-day period and therefore weekends and legal holidays are excluded pursuant to Rule 6(a)(2) in computing defendants' time to respond. Cf. Treanor v. MCI Telecomms. Corp., 150 F.3d 916, 918 (8th Cir. 1998) (suggesting the three additional days be treated as distinct from the initial ten).   Accordingly, defendants timely responded to Best Buy's objection on March 19, 2008.

al., <u>Moore's Federal Practice</u> § 72.02(7)(b) (3d ed. 2008); <u>see also</u>
<u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1, 6 (1st Cir. 1999)
("Motions for sanctions premised on alleged discovery violations
... ordinarily should be classified as nondispositive."); <u>Thomas E.</u>
<u>Hoar, Inc. v. Sara Lee Corp.</u>, 900 F.2d 522, 525 (2d Cir. 1990).
Because the magistrate judge's ordered sanctions in this case are
nondispositive, the court reviews the order under an "extremely
deferential" clearly erroneous or contrary to law standard.   <u>See</u>
<u>Reko v. Creative Promotions, Inc.</u> 70 F. Supp. 1005, 1007 (D. Minn.
1999); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn.
L.R. 72.2(a).   <u>But cf.</u> <u>Rottlund Co. v. Pinnacle Corp.</u>, Civ. No. 01-
1980, 2005 U.S. Dist. LEXIS 4263, at *6 n.1 (D. Minn. Feb. 17,
2005) (applying de novo review of magistrate judge's sanctions
order because sanctions based partly on district court's inherent
power).

## II.  Sanctions

Federal Rule of Civil Procedure 37(b)(2)(A) permits a district
court broad discretion to impose sanctions for a party's failure to
comply with a discovery order.   <u>See</u> <u>United States v. Big D.</u>
<u>Enters.</u>, 184 F.3d 924, 936 (8th Cir. 1999).   "Generally, sanctions
may be triggered simply by noncompliance with an underlying
discovery order.... Thus, a finding of willfulness or contumacious
conduct is not necessary to support sanctions that are less severe
than dismissal or entry of a default judgment."   7 Moore, <u>supra</u>,

4

§ 37.50(2)(b).   Moreover, prejudice "is not an essential
prerequisite for the imposition of [Rule 37(b)] sanctions."  Id.
§ 37.50(1)(a).

Rule 37 sanctions are intended "to penalize those whose
conduct may be deemed to warrant such a sanction [and] to deter
those who might be tempted to such conduct in the absence of such
a deterrent."  NHL v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)
(per curiam).   In fashioning a sanction, a court need not "impose
the least onerous sanction available, but may exercise its
discretion to choose the most appropriate sanction under the
circumstances."  Keefer v. Provident Life & Accident Ins. Co., 238
F.3d 937, 941 (8th Cir. 2000) (citation omitted).  Such discretion,
however, "is bounded by the requirement of Rule 37(b)(2) that the
sanction be 'just' and relate to the claim at issue in the order to
provide discovery."  Avionic Co. v. Gen. Dynamics Corp., 957 F.2d
555, 558 (1992) (citation omitted).

A.   Evidentiary Sanction

1.   Violation of Discovery Order

On September 5, 2007, the magistrate judge ordered Best Buy to
produce any "documents that explain the policies underlying its
self-funded escrow or captive insurance programs." (Order of Sept.
5, 2007, [Doc. No. 434] at 11.)  The order further required Best
Buy to "supply documents that substantively explain how internal
escrow or captive insurance programs are funded, including any

documents that supply guidance about appropriate funding levels." (Id.)

In response to the September 5 order, Best Buy produced forty-nine "high level" documents from its captive insurer CCL Insurance Co. ("CCL") on October 5, 2007. These documents explained CCL's insurance policies and CCL's calculation, funding and allocation of premiums. (Deegan Aff. ¶¶ 5-6.) Concerned about the limited scope of Best Buy's response, counsel for defendants requested production of "emails and documents relating to the formation, implementation and creation of [Best Buy's] captive insurance company(ies), including materials relating to how the captive premiums are priced." (Fleming Aff., Ex. C.) Best Buy maintained that it had satisfied its production requirements but nevertheless responded on October 24 with additional documents. These documents included the insurance policies issued by CCL, a study explaining Best Buy's rationale for creating a captive insurer, CCL's audited financials, descriptions of CCL's involvement in Best Buy's property coverages and an application to the State of Vermont that contained a business plan. (Deegan Aff. ¶ 7.)

After the October 24 production, the parties continued to dispute whether Best Buy had satisfied its production obligations with respect to captive insurance. On November 16, Best Buy's counsel wrote to defendants' counsel inquiring "what [defendants] hope[d] to prove regarding the captive, so that we can focus the

issues under discussion and attempt to reach a mutually agreeable compromise." (Fleming Aff. Ex. L.) Unable to resolve the dispute, defendants moved for an order to show cause and for sanctions on December 14. At the January 15, 2008, hearing on the motion, counsel for Best Buy offered to produce a disc of documents ostensibly to preempt any claim of prejudice by defendants. The magistrate judge ordered immediate production of the disc, which contained 1,000 documents including e-mails, internal memoranda, board meeting minutes and various other documents related to Best Buy's captive insurer. (Kessler Decl. ¶¶ 11-15.)

The magistrate judge's February 14, 2008, order determined that Best Buy's production with respect to its captive insurance and self-insurance program was inadequate. Specifically, the magistrate judge found immaterial the October 24 production because it was not included in the record, concluded that "under any reasonable interpretation of the September 5 order, Best Buy had ample reason to know its production was deficient," and determined that Best Buy's production of the disc at the hearing appeared to be "a calculated effort to avoid sanctions rather than a meaningful effort to comply with the September 5 order." (Order of Feb. 14, 2008, [Doc. No. 593] at 14-15.)

Best Buy first argues that the magistrate judge erred by focusing on the quantity instead of the quality of the produced documents. The September 5 order, however, did not limit Best

7

Buy's production requirement to "high level" documents.   Rather, the order mandated production of all documents that explain the policies underlying Best Buy's self-funded escrow or captive insurance programs and documents explaining the funding for those programs.   Therefore, the magistrate judge's focus on the number of documents produced by Best Buy was not clearly erroneous.

Second, Best Buy argues that the magistrate judge incorrectly assumed the immateriality of the October 24 production.   As an initial matter, it was not clearly erroneous for the magistrate judge to determine that evidence not in the record was immaterial. Moreover, even if the magistrate judge had considered the October 24 production, Best Buy's subsequent production of responsive documents at the January 15 hearing establishes the inadequacy of Best Buy's earlier productions.

Finally, Best Buy argues that it did not willfully violate the September 5 order because its production satisfied a reasonable interpretation of the order.   Although the magistrate judge's February 14 order indicates that a finding of willfulness is required before sanctions are appropriate, (Order of Feb. 14, 2008, at 3.), such a finding is only necessary for imposition of sanctions that result in an entry of default or dismissal.   See, e.g., Hairston v. Alert Safety Light Prods., 307 F.3d 717, 718-19 (8th Cir. 2002) ("The court should resort to the sanction of dismissal only when the failure to comply has been due to

willfulness, bad faith, or any fault of petitioner." (citations and quotations omitted)); Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999) (sanction resulted in default judgment); Shelton v. Am. Motors Corp., 805 F.2d 1323, 1330 (8th Cir. 1986) (default judgment as sanction). Because the magistrate judge did not order such sanctions, a finding of willfulness is not required. Therefore, the court determines that the magistrate judge's conclusion that Best Buy engaged in sanctionable conduct by violating the September 5 order is neither clearly erroneous nor contrary to law.

### 2.   Sanction

As a sanction for Best Buy's failure to comply with the September 5 order, the magistrate judge "recommends that it be conclusively presumed that Best Buy has withheld evidence about its captive insurance program; and from this presumption, a factfinder may take negative inferences about Best Buy's knowledge of insurance practices in commercial leases." (Order of Feb. 14, 2008, at 15.) Best Buy urges that such an adverse inference instruction is not the most appropriate sanction under the facts of this case, and the court agrees.

Adverse inference instructions are typically given as sanctions when a party has intentionally destroyed evidence to suppress the truth. See, e.g., Johnson v. Ready Mixed Concrete Co., 424 F.3d 806, 811 (8th Cir. 2005); Morris v. Union Pac. R.R.

Co., 373 F.3d 896, 901 (8th Cir. 2004); Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 746 (8th Cir. 2004).  Here, defendants do not contend that Best Buy has destroyed relevant documents. Rather, defendants argue that Best Buy has not produced all of the relevant documents and that because discovery is closed their "ability to show Best Buy's knowledge and sophistication on commercial insurance matters, such as captive insurance," has been prejudiced.  (Def. Br. at 8.)  However, responsive documents have not been destroyed in this case, and the admissibility at trial of evidence related to Best Buy's captive insurance program is subject to legitimate dispute.  Therefore, the most appropriate sanction is to reopen fact discovery for the limited purpose of allowing defendants to request and Best Buy to produce all responsive documents.[4]  For these reasons, the court sustains Best Buy's objection to the ordered sanction.  Best Buy shall be responsible for all costs associated with this limited reopening of discovery. Moreover, the court determines that the potential assessment of

---

[4]  In light of the parties' dispute as to whether all responsive documents have now been produced, the court admonishes them to be reasonable in their requests for production and responses to those requests.  The parties and the court have already spent an inordinate amount of time on discovery in this matter.

10

reasonable expenses against Best Buy and its counsel pursuant to Rule 37(b)(2)(C) satisfies the punitive and deterrent purposes of sanctions.[5]

### B.    Other Sanctions

The magistrate judge also ordered Best Buy to make each of four specified individuals available for seven hours of depositions and three other individuals for three hours, all without limitations.   The court has carefully reviewed the magistrate judge's order and Best Buy's objections with respect to the additional depositions and finds that the magistrate judge's order is not clearly erroneous or contrary to law.   Therefore, the court overrules Best Buy's objections.

### III.  Expert Discovery

Pursuant to the magistrate judge's order, defendants have fourteen days from the date of this order to disclose their rebuttal expert reports, and Best Buy has thirty-five days from the date of this order to respond.   Best Buy objects because the order decreases its time for expert discovery from the amount of time

---

[5] The February 14 order indicates that a "determination of the fees and costs to be awarded, if any, shall be committed to the Magistrate Judge." (Order of Feb. 14, 2008, at 20.)  Best Buy objects to any inference that such a fee award would be final. (Def. Br. at 14.)   To avoid any misunderstanding, the court clarifies that any fee award granted by the magistrate judge is subject to this court's review.

initially contemplated in the June 2007 scheduling order.  The court finds no support for Best Buy's objection and overrules it accordingly.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1.    Best Buy's objection [Doc. No. 594] to the magistrate judge's "Report and Recommendation" [Doc. No. 593] is sustained in part;

2.    Defendants' motion to show cause and for sanctions [Doc. No. 550] is granted in part;

3.    Best Buy's motion to extend the expert discovery deadline [Doc. No. 561] is granted consistent with the magistrate judge's order;

4.    Defendants are permitted to request and Best Buy is required to produce all remaining responsive documents related to Best Buy's self-funded escrow or captive insurance programs as required by the magistrate judge's September 5, 2007, order;

5.    Best Buy shall comply with the additional depositions ordered by the magistrate judge; and

6.    Defendants shall file an affidavit with the magistrate judge itemizing reasonable fees and costs that are compensable

pursuant to their motion for sanctions no later than twenty-eight days from the date of this order.

Dated:  June 12, 2008


                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court