```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 05-2310(DSD/JJG)
```

Best Buy Stores, L.P.,

       Plaintiff,

v.                                                                                   **ORDER**

Developers Diversified Realty
Corporation, Benderson-Wainberg
Associates, LP, DDR MDT Cool
Springs Point LLC, DDRA Ahwatukee
Foothills, LLC, DDR Flatiron LLC,
DDRA Community Centers Four, LP,
DDR MDT Lakepointe Crossing, LP,
DDR MDT Great Northern, LLC,
DDR MDT Shoppers World, LLC,
DDR MDT Riverdale Village
Outer Ring, LLC, DDR Hendon
Nassau Park II, LP, DDRC PDK
Salisbury LLC, DDR MDT Fayetteville
Spring Creek, LLC, DDR MDT
Turner Hill Marketplace, LLC,
JDN Realty Corporation, JDN Development
Company, Inc.,BG Boulevard III, LLC
and John Doe #1,

       Defendants.

    Thomas C. Mahlum, Esq., Joel A. Mintzer, Esq. and Robins, Kaplan, Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402 and Robert A. Machson, Esq., 7 White Birch Ridge, Weston, CT 06883, counsel for plaintiff.

    James L. DeFeo, Esq., Jennifer A. Fleming, Esq., Steven S. Kaufman, Esq., Thomas L. Feher, Esq. and Thompson Hine, LLP., 3900 Key Center, 127 Public Square, Cleveland OH 44114; Marc J. Zwillinger, Esq., 1301 K Street N.W., Suite 600, Washington, D.C. 20005 and D. Charles Macdonald, Esq., Martin S. Chester, Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion for award of damages and interest for lease years 2006–2009 by plaintiff Best Buy Stores, L.P. (Best Buy). Based on a review of the file, record and proceedings herein, the court grants the motion.

**BACKGROUND**

This commercial landlord-tenant dispute arises out of lease agreements between Best Buy and the landlords of fifteen of its retail locations (the "Landlord Defendants").[1] The background of this action is set out in the record, and the court only recites those facts necessary to the disposition of this motion.

Best Buy began this action on September 30, 2005. Following several amended complaints, the action included claims of breach of contract, breach of fiduciary duty, fraud and a request for a declaratory judgment. See Fifth Am. Compl., ECF No. 357. On July 14, 2009, the court granted Best Buy's motion for summary judgment on its breach of contract and declaratory judgment claims.

---

[1] The Landlord Defendants are: DDRA Ahwatukee Foothills, L.L.C. ("Ahwatukee"); DDR MDT Fayetteville Spring Creek, L.L.C. ("Spring Creek"); DDR Flatiron, L.L.C. ("Flatiron"); JDN Realty Corp. ("JDN Douglasville" and "JDN Overlook"); DDR MDT Turner Hill Marketplace, L.L.C. ("Turner Hill"); DDR PDK Salisbury, L.L.C. ("Salisbury"); DDR MDT Shoppers World, L.L.C. ("Shoppers World"); DDR MDT Riverdale Village Outer Ring, L.L.C. ("Riverdale"); DDR Hendon Nassau Park II, L.P. ("Nassau Park"); Benderson-Wainberg Associates, L.P. ("Wrangleboro"); BG Boulevard III, L.L.C. ("Boulevard"); DDR MDT Great Northern, L.L.C. ("Great Northern"); DDR MDT Cool Springs Pointe, L.L.C. ("Cool Springs"); and DDR MDT Lakepointe Crossing, L.P. ("Lakepointe").

On September 17, 2009, Best Buy moved for entry of judgment for damages in lease years 1999–2006. In that same motion, Best Buy noted that it was also seeking damages for later years. On May 25, 2010, the court granted the motion for damages in the amount Best Buy paid for the first-dollar and captive-coverage programs for lease years 1999–2005. See ECF No. 729, 19–20. In that same order, the court allowed additional discovery on the issue of damages for lease years 2006–2010. The parties now agree that Best Buy paid $374,618.18 to the Landlord Defendants for the first-dollar[2] and captive-coverage programs in lease years 2006–2009. Defs.' Submission 13, ECF No. 739; Pl.'s Resp. 2, ECF No. 742. The parties dispute, however, what sum, if any, Best Buy is entitled to recover or how interest should be calculated. The court now addresses the motion for damages for lease years 2006–2009.

**DISCUSSION**

The Landlord Defendants argue that damages for lease years 2006–2009 are not warranted because they have not received notice and hearing, the voluntary payment doctrine bars recovery and the benefit given to Best Buy through the first-dollar and captive-coverage programs offsets the damages. The court addresses each argument in turn.

---

[2] According to the Landlord Defendants, there were no first-dollar program charges after 2005, and no captive-coverage charges in 2009. See Defs.' Submission 13, ECF No. 739.

**I. Notice and Hearing**

A court may grant "further necessary or proper relief based on a declaratory judgment or decree ... after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. In the underlying action, the court determined that the Landlord Defendants impermissibly charged Best Buy for the first-dollar and captive-coverage programs, and that Best Buy was entitled to damages in the amount it paid for those programs in lease years 1999-2005. See Order 17-18, 20-24, 26, 28, ECF No. 690; Order 11-12, ECF No. 729. The Landlord Defendants argue that Best Buy is not entitled to recover for lease years 2006-2009 because the Landlord Defendants have not had reasonable notice and hearing, as required by § 2202.

The issue of damages for lease years 2006-2009 has been briefed, see ECF Nos. 697, 709, 718, 729, 739, 742, 781, and presented at oral argument on November 13, 2009. Moreover, other than the express knowledge of Best Buy that it was improperly being charged, the issues are the same as those presented for lease years 1999-2005. Therefore, the court determines that the Landlord Defendants have received ample, reasonable notice and hearing.

**II. Voluntary Payment Doctrine**

"The voluntary payment doctrine is a long-standing doctrine of law, which clearly provides that one who makes a payment

4

voluntarily cannot recover it on the ground that he was under no legal obligation to make the payment." Hanson v. Telecomm., Inc., No. C7-00-534, 2000 WL 1376533, at *3 (Minn. Ct. App. 2000) (citation omitted). In this case, Best Buy continued to make estimated payments even after commencing this action.

The Landlord Defendants argue that none of Best Buy's payments following the start of this action are recoverable under the voluntary payment doctrine, because Best Buy knew that it was paying for charges that it believed were improper under the lease agreements. Best Buy argues that the voluntary payment doctrine does not apply because: (1) the parties contracted around the doctrine, (2) the Landlord Defendants agreed to conditions imposed by Best Buy with each payment, (3) Best Buy made its payments under duress, (4) Best Buy made its payments without knowledge; (5) the captive-coverage charges violated Vermont law and (6) various state-specific reasons preclude application of the doctrine. The court only addresses the lease agreements and duress, because the plain language of the leases and the right of the Landlord Defendants to terminate Best Buy's possession are dispositive.

**A. Lease Provisions with Credit, Refund or Audit Rights**

With the exception of the Lakepointe lease, the lease agreements address overpayment by Best Buy. Thirteen of the lease agreements contain provisions that require the Landlord Defendant to pay or credit any amount that exceeds the actual amount due.

See Mintzer Decl., Exs. 1 art. 19D, 2 art. 27; 3 art. 27; 4 art. 27; 5 art. 27; 6 art. 14; 7 art. 27; 8 art. 27; 9 art. 39; 10 art. 38; 11 art. 38; 12 art. 9.5; 14 art. 39, ECF No. 655. The Great Northern lease does not have a mechanism for automatic repayment or credit, but rather gives Best Buy the right to audit and claim overpayment. See id. Ex. 13 art. 13. As a result, the parties have expressly contracted for repayment of excess funds paid by Best Buy. Here, the court has already determined that Best Buy is entitled to repayment of "the amount it paid for the first-dollar and captive-coverage programs." ECF No. 729, at 11-12. Therefore, under the plain language of these fourteen lease agreements, the voluntary payment doctrine does not apply, and the argument of the Landlord Defendants fails.

**B.   Payment Under Duress or Compulsion**

The voluntary payment doctrine does not apply when a party makes payments under duress or compulsion, such as when that party must choose between paying or facing loss of possession of its property. See Joannin v. Ogilvie, 52 N.W. 217, 217 (Minn. 1892); see also Moody v. Lloyd's of London, 152 P.2d 951, 953 (Ariz. 1944) (duress as exception); Boswell v. Gillett, 295 S.W.2d 758, 761 (Ark. 1956) (duress and coercion as exceptions); Davis v. City & County of Denver, 207 P.2d 1185, 1187 (Colo. 1949) ("[W]hen to attempt to do business without first complying with the provisions of the ordinance would subject one to drastic penalties, clearly

such a payment is involuntary."); Commercial Nat. Bank of Peoria v. Bruno, 389 N.E.2d 163, 167 (Ill. 1979) (compulsion and duress as exceptions); George H. Dean Co. v. Pappas, 430 N.E.2d 836, 840 (Mass. App. Ct. 1982); Segfried Const. Co. v. City of New York, 209 N.Y.S. 429, 430 (N.Y. Mun. Ct. 1925) (avoidance of cloud on title for non-payment of assessment constitutes duress); State ex rel. Dickman v. Defenbacher, 86 N.E.2d 5, 7 (Ohio 1949) (compulsion and duress as exceptions); Universal Life Ins. Co. v. City of Memphis, 103 S.W.2d 912, 918 (Tenn. Ct. App. 1936); Lawrence v. J. M. Huber Corp., 347 S.W.2d 5, 7 (Tex. App. 1961). But see Ga. Code Ann. § 13-1-13 (requiring that threat of seizure of property be "immediate").

All of the leases, including the Lakepointe lease, have similar provisions which state that a "material breach and default" occurs if Best Buy fails to pay "Common Area Expenses" within five to ten days after receipt of notice of its failure to pay. See, e.g., Mintzer Decl. Ex. 1 art. 21(A). Upon an event of default, the landlord may terminate the lease or Best Buy's possession of property. Id. art. 21(B).[3] As a result, the Landlord Defendants each had a right to terminate the possession of a Best Buy retail store within days of Best Buy's failure to make an estimated

---

[3] The other leases are substantially similar and allow termination after either five or ten days. See Mintzer Decl., Exs. 2 art. 16.1; 3 art. 16.1; 4 art. 16.1; 5 art. 16.1; 6 art. 23; 7 art. 16.1; 8 art. 16.1; 9 art. 16.1; 10 art. 16; 11 art. 16; 12 art. 16.1; 13 art. 23; 14 art. 16; 15 art. 16, ECF No. 655.

monthly payment of expenses that it believed were improper. In this situation the landlord could invoke its contractual right of termination rapidly and without resort to litigation. Best Buy could withhold payment only at the peril of losing one or more of its retail locations. Therefore, the estimated payments in lease years 2006–2009 were not made voluntarily, and for this additional reason, the voluntary payment doctrine does not apply.

**III. Mitigation**

The Landlord Defendants next argue that damages are not warranted because they are entitled to show value conferred on Best Buy by the extra-contractual programs. The court has already determined, however, that the Landlord Defendants' charges for the first-dollar and captive-coverage programs were not allowed by the lease agreements. See ECF No. 729, at 10. The court does not consider benefits conferred by services improperly charged under a contract. See id. Therefore, the Landlord Defendants are not entitled to offset the charges. Accordingly, Best Buy is entitled to recover the $374,618.18 that the parties agree it paid for lease years 2006–2009.

**IV. Interest**

The court previously determined that Minnesota Statutes § 549.09 controls calculation of prejudgment interest for the eight leases that do not have interest provisions. See id. at 12. The court also previously determined that, for the seven leases that

specify a rate of interest due on payments, the reconciliation date is the date when the required payments are due. See id. at 16. As to lease years 2006—2009, the parties dispute the date on which interest begins to accrue under § 549.09, the rate of interest under § 549.09 and the correct 2007 reconciliation date for four locations.

### A. Date of Accrual

Under § 549.09, prejudgment interest is computed "from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first." Minn. Stat. § 549.09(b). Best Buy argues that it gave written notice of its claim for damages in lease years 2006—2009 in its claim for declaratory judgment in its amended complaint, filed on April 11, 2006. The Landlord Defendants argue that they did not receive written notice until Best Buy filed its motion for entry of judgment on September 17, 2009.

The declaratory judgment claim in the amended complaint states in full:

> 37. Best Buy incorporates and re-alleges paragraphs 1 through 31 [sic] as if fully set forth herein.
>
> 38. There is presently a ripe and justiciable controversy between the parties relating to Defendants' calculation of the amounts owed by Best Buy for Operating Costs and insurance under the terms of the Leases and with respect to the Defendants' obligation to provide supporting material relating to the Operating Costs and

9

> insurance allegedly owed by Best Buy and charged by the Defendants.
>
> 39. Best Buy is entitled to an Order from this Court declaring the parties' specific rights and obligations with respect to the disputes that are the subject of this action and declaring that Defendants have a duty to provide backup material related to the charges they seek to impose upon Best Buy pursuant to the terms of the Leases.

Am. Compl. ¶¶ 37-39, ECF No. 357. Paragraph 25 of the amended complaint alleges that the Landlord Defendants "failure to provide the backup [information]" is a "current and continuing" breach. Id. ¶ 25. This language does not provide notice that Best Buy was claiming damages for lease years 2006-2009. As a result, it does not serve as a starting date under § 549.09. The parties do not dispute, however, that the September 17, 2009, filing placed the Landlord Defendants on notice of the instant claim. Therefore, for the leases controlled by § 549.09, interest begins to accrue on September 17, 2009.

## B. Rate of Interest

The rate of interest under § 549.09 is determined annually by the Minnesota State Court Administrator for a judgment of $50,000 or less; the rate is 10% for a judgment exceeding $50,000. See Minn. Stat. § 549.09(c)(1)-(2). Best Buy argues that the court should add the damages amount for lease years 1999-2005 to lease years 2006-2009 in determining the applicable rate. The Landlord Defendants argue that the claims are separate. The court agrees

with the Landlord Defendants. In its order on May 25, 2010, the court only awarded damages for lease years 1999–2005 and noted that a question remained as to whether the first-dollar and captive-coverage programs continued in subsequent years. See ECF No. 729, 17, 19-20. The court entered final judgment for lease years 1999–2005 on June 9, 2010. See ECF No. 738. Therefore, under the "further relief" available under 28 U.S.C. § 2202 in this case, damages for lease years 1999—2005 are distinct from damages for lease years 2006—2009. No store location incurred damages in excess of $50,000, and accordingly, the interest rates set by the Minnesota State Court Administrator[4] apply to those leases governed by § 549.09.

### C. Dates of Reconciliation

As to the seven leases that specify a rate of interest, Best Buy argues that the Landlord Defendants improperly advanced the 2007 reconciliation date to September 24, 2007, at the Salisbury, Nassau Park, Boulevard and Cool Springs locations. Best Buy argues that the Landlord Defendants previously claimed different dates. See Mintzer Decl. Ex. B, ECF No. 743-2. The court accepts the representation of Best Buy, and therefore determines that the previously disclosed dates, as indicated in the response memorandum

---

[4] The interest rates for 2009 and 2010 are 4%.

of Best Buy dated July 6, 2010, are the correct dates of reconciliation in 2007 for the Salisbury, Nassau Park, Boulevard and Cool Springs locations.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that judgment is entered in favor of Best Buy as to lease years 2006–2009 in the amount of $413,864.06, which consists of:

- a. For the Ahwautkee center, $44,872.04 in damages and $2,030.92 in interest for a total of $46,902.96;
- b. For the Spring Creek center, $20,486.21 in damages and $5,364.16 in interest for a total of $25,850.37;
- c. For the Flatiron center, $4,080.71 in damages and $184.69 in interest for a total of $4,265.41;
- d. For the JDN Douglasville center, $14,481.97 in damages and $655.46 in interest for a total of $15,137.43;
- e. For the JDN Overlook center, $22,532.17 in damages and $1,019.81 in interest for a total of $23,551.99;
- f. For the Turner Hill center, $24,428.44 in damages and $1,105.64 in interest for a total of $25,534.08;
- g. For the Salisbury center, $4,488.69 in damages and $1,165.94 in interest for a total of $5,654.63;
- h. For the Shoppers World center, $34,697.88 in damages and in $8,027.12 interest for a total of $42,725.00;

i.  For the Riverdale center, $13,426.41 in damages and $4,206.87 in interest for a total of $17,633.28;

j.  For the Nassau Park center, $39,825.62 in damages and $6,786.89 in interest for a total of $46,612.51;

k.  For the Wrangleboro center, $43,186.07 in damages and $1,954.61 in interest for a total of $45,140.68;

l.  For the Boulevard center, $27,422.40 in damages and $1,173.31 in interest for a total of $28,595.71;

m.  For the Great Northern center, $35,516.03 in damages and $1,607.47 in interest for a total of $37,123.50;

n.  For the Cool Springs center, $13,211.13 in damages and $2,516.37 in interest for a total of $15,727.50;

o.  For the Lakepointe center, $31,962.40 in damages and $1,446.63 in interest for a total of $33,409.03.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 4, 2010

                                                            s/David S. Doty
                                                            David S. Doty, Judge
                                                            United States District Court