UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2310(DSD/JJG)

Best Buy Stores, L.P.,

      Plaintiff,

v.                                                     **ORDER**

Developers Diversified Realty
Corporation, Benderson-Wainberg
Associates, LP, DDR MDT Cool
Springs Point LLC, DDRA Ahwatukee
Foothills, LLC, DDR Flatiron LLC,
DDRA Community Centers Four, LP,
DDR MDT Lakepointe Crossing, LP,
DDR MDT Great Northern, LLC,
DDR MDT Shoppers World, LLC,
DDR MDT Riverdale Village
Outer Ring, LLC, DDR Hendon
Nassau Park II, LP, DDRC PDK
Salisbury LLC, DDR MDT Fayetteville
Spring Creek, LLC, DDR MDT
Turner Hill Marketplace, LLC,
JDN Realty Corporation, JDN Development
Company, Inc.,BG Boulevard III, LLC
and John Doe #1,

      Defendants.

    Thomas C. Mahlum, Esq., Joel A. Mintzer, Esq. and Robins,
    Kaplan, Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle
    Avenue, Minneapolis, MN 55402 and Robert A. Machson,
    Esq., 7 White Birch Ridge, Weston, CT 06883, counsel for
    plaintiff.

    James L. DeFeo, Esq., Jennifer A. Fleming, Esq., Steven
    S. Kaufman, Esq., Thomas L. Feher, Esq. and Thompson
    Hine, LLP., 3900 Key Center, 127 Public Square, Cleveland
    OH 44114; D. Charles Macdonald, Esq., Martin S. Chester,
    Esq. and Faegre & Benson, 2200 Wells Fargo Center, 90
    South Seventh Street, Minneapolis, MN 55402, counsel for
    defendants.

This matter is before the court upon the objections to the February 1, 2011, report and recommendation of United States Magistrate Judge Jeanne G. Graham.  The magistrate judge recommends granting the motions for costs and attorneys' fees and granting in part the motion for review of the cost judgment by plaintiff Best Buy Stores, L.P. (Best Buy).  The parties timely objected. Following de novo review of the report and recommendation, and review of the file, record and proceedings herein, the court adopts the well-reasoned and thorough report and recommendation as modified in accordance with this order.

## BACKGROUND

This attorneys' fees and costs dispute arises out of fee- and cost-shifting provisions in contracts between Best Buy and defendants DDRA Ahwatukee Foothills, L.L.C. (Ahwatukee); DDR MDT Fayetteville Spring Creek, L.L.C. (Spring Creek); DDR Flatiron, L.L.C. (Flatiron); JDN Realty Corp. (JDN Douglasville and JDN Overlook);[1] DDR MDT Turner Hill Marketplace, L.L.C. (Turner Hill); DDR PDK Salisbury, L.L.C. (Salisbury); DDR MDT Shoppers World, L.L.C. (Shoppers World); DDR MDT Riverdale Village Outer Ring, L.L.C. (Riverdale); DDR Hendon Nassau Park II, L.P. (Nassau Park); Benderson-Wainberg Associates, L.P. (Wrangleboro); BG Boulevard

---

[1] JDN Realty Corp. owned properties in Douglasville, Georgia (JDN Douglasville) and Chattanooga, Tennessee (JDN Overlook).

III, L.L.C. (Boulevard); DDR MDT Great Northern, L.L.C. (Great Northern); DDR MDT Cool Springs Pointe, L.L.C. (Cool Springs); and DDR MDT Lakepointe Crossing, L.P. (Lakepointe) (the landlord defendants). The history of this litigation is set out in previous orders, and the court only recites the background necessary to resolve the present objections.

The underlying action began on September 30, 2005, when Best Buy claimed breach of contract against defendant Developers Diversified Realty Corporation (DDR) and the landlords of the Wrangleboro store. Following several amended complaints, discovery disputes and imposition of sanctions, the action included claims of breach of contract, breach of fiduciary duty, fraud and a request for declaratory judgment against the landlord defendants and DDR. Cf. ECF No. 357. On December 8, 2006, the court granted summary judgment against Best Buy on its breach of contract and declaratory judgment claims against DDR. See ECF No. 177. On November 16, 2007, the court denied Best Buy's motion to amend its complaint a sixth time to add punitive damages. See ECF Nos. 528, 592. On November 21, 2007, the court dismissed the fraud claims against ten of the sixteen landlord defendants.[2] See ECF No. 530, at 27. On June 12 and October 2, 2008, the court ordered Best Buy to make witnesses available and awarded $70,000 in expenses as sanctions

---

[2] The court had previously dismissed the fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure. See ECF No. 336.

against Best Buy.  See ECF. No. 648, at 2; ECF No. 622, at 12.  On July 14, 2009, the court granted summary judgment in favor of Best Buy and against the landlord defendants on its breach of contract claims and request for declaratory judgment.  In that same order, the court granted summary judgment in favor of defendants on all of Best Buy's breach of fiduciary duty claims, its fraud claims against two more landlord defendants, and all remaining fraud claims for lease years 2004 and 2005.

Following summary judgment, Best Buy moved for entry of judgment on its breach of contract claims and to dismiss the remaining claims.  On May 25, 2010, the court dismissed Best Buy's remaining claims with prejudice.  In that same order, the court awarded at total of $495,145.97 in damages for breach of contract for lease years 1999 to 2005.  See ECF No. 729, at 19.  The court also awarded $215,739.61 in statutory and contractual interest. See ECF No. 738, 1-2.  On November 4, 2010, the court awarded $413,864.06 in damages and interest for breach of contract from 2006 to 2009.  Damages and interest were apportioned to each landlord defendant individually.

On July 9, 2010, Best Buy moved for costs in the amount of $196,088.47, attorneys' fees in the amount of $1,920,801.33 and requested the Clerk of Court to tax $61,254.42 in costs against defendants under 28 U.S.C. § 1920.  See ECF Nos. 745, 746.  The Clerk of Court taxed $50,730.72 and denied $10,523.70 in costs.

See ECF Nos. 790, 792. Best Buy timely moved the court to review the Clerk's cost judgment. See ECF No. 793. The court withheld consideration of the motions due to the then-pending motion for additional declaratory relief for lease years 2006 to 2009. Following disposition of that motion, Best Buy sought an additional $100,205 in attorneys' fees. The court referred the costs and fees motions to the magistrate judge for consideration.

The magistrate judge determined that 2500 hours was a reasonable amount of time for Best Buy to have spent in this litigation, and multiplied that number by a prevailing market rate of $325 per hour to determine a possible fee award of $812,500. The magistrate judge then determined that the leases do not create joint and several liability and allocated the fees and costs proportionally, according to each lease. The magistrate judge determined that costs of $93,761.51 are reasonable, and allocated those costs to the five leases that allowed costs. Lastly, the magistrate judge determined that, with one exception, the Clerk properly denied the costs of expedited transcripts. Best Buy objects to the reduction in fees and costs and to allocation of the fees and costs under the various lease agreements. A subset of defendants[3] object to the determination that their leases allow recovery of attorneys' fees for tort claims, that five of the

---

[3] Only Spring Creek, JDN Douglasville, JDN Overlook, Turner Hill, Shoppers World, Riverdale, Wrangleboro, Boulevard, Lakepointe and Ahwatukee object.

leases allow for costs in addition to those allowed by 18 U.S.C. § 1920 and that section 13-1-11 of the Official Code of Georgia does not apply. The court now addresses the objections.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). The availability of attorneys' fees is a matter of substantive law for purposes of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). See Burlington N. R. Co. V. Farmers Union Oil Co. of Rolla, 207 F.3d 526, 534 (8th Cir. 2000). Here, Arizona, Arkansas, Colorado, Georgia, Massachusetts, Minnesota, Tennessee, and Texas law respectively govern the lease agreements. See Milliken & Co. v. Eagle Packaging Co., 295 N.W.2d 377, 380 n.1 (Minn. 1980). The courts in each relevant jurisdiction uphold contract provisions allowing the shift of reasonable fees.[4]

---

[4] See Woliansky v. Miller 704 P.2d 811, 813 (Ariz. Ct. App. 1985); Conway Commercial Warehousing, LLC v. FedEx Freight E., Inc., No. CA 10-658, 2011 WL 229474 (Ark. Ct. App. Jan. 26, 2011) (slip opinion); Morris v. Belfor USA Grp., Inc., 201 P.3d 1253, 1259 (Colo. App. 2008); Accurate Printers, Inc. v. Stark, 671 S.E.2d 228, 233 (Ga. Ct. App. 2008); E. Holding Corp. v. Congress Fin. Corp., 910 N.E.2d 931, 936 (Mass. App. Ct. 2009); State Bank of Cokato v. Ziehwein, 510 N.W.2d 268, 270 (Minn. Ct. App. 1994); Wilson Mgmt. Co. v. Star Distribs. Co., 745 S.W.2d 870, 873 (Tenn. 1988); Orix Capital Mkts., LLC v. La Villita Motor Inns, J.V., 329 S.W.3d 30, 47 (Tex. App. 2010) (citing Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (allowing recovery of "reasonable attorney's fees" in contract claim)).

**I.   Factors Influencing Reasonableness**

Under the American system, a party pays its own fees and may spend whatever it chooses in pursuit of litigation.  When allowed by statute or contract, a party may seek to shift expenses to its opponent.  In so doing, it may only shift those costs and fees which are reasonable.  The extensive contact with the parties and familiarity with the issues make determination of the reasonable amount of attorney fees peculiarly within the discretion of the district court.  See Greater Kansas City Laborers Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984).

Courts in the relevant jurisdictions apply a similar analysis to assess reasonableness.  The considerations include the nature and difficulty of the action; the time required; the amount involved and the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and fee arrangements.  See, e.g., Northfield Care Center, Inc. v. Anderson, 707 N.W.2d 731, 736 (Minn. Ct. App. 2006).  The moving party bears the burden to establish the reasonableness of the costs and fees requested.  See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

**II.  Objections by Best Buy**

    **A.   Fee Award**

Best Buy makes several objections to the recommendation that 2500 hours is a reasonable amount of time to have spent on this

litigation. In support, Best Buy argues that the magistrate judge committed four errors: incorrectly interpreting of the intent of the parties, considering the results obtained, finding $1.9 million in fees unreasonable and failing to explain her reasoning.

### 1.   Intent of the Parties

Best Buy argues that the magistrate judge misinterpreted the intent of the parties as expressed in the expense-shifting provisions of the leases. The language of these provisions is clear: the parties intended that a losing party would pay the reasonable fees (and costs in five leases) of the prevailing party. The court rejects the interpretation of Best Buy that the intent of the language is "to make [the prevailing party] whole" by allowing it to "recover all enforcement expenses." ECF No. 828, at 5-6. The leases do not say that, nor does the language support such an interpretation. The leases only allow recovery of reasonable expenses.

By allowing reasonable fees, the parties indicate an intent to avoid subsidizing unnecessary litigation. The court agrees with Best Buy that such expense-shifting provisions might encourage parties to act reasonably in their interpretation of the leases. However, the interpretation of Best Buy renders the term "reasonable" meaningless. Under that interpretation, these same provisions create an incentive to forge ahead in litigation without regard to expense because the prevailing party can foist "all

enforcement expenses" on the other party. Therefore, the court overrules this objection.

### 2. Factors Considered

Best Buy next argues that the magistrate judge erred by considering the pecuniary damages in assessing reasonableness. As an initial matter, Best Buy misrepresents the reasoning of the magistrate judge. The magistrate judge considered several factors: "the time needed to effectively carry out the litigation, the amount in controversy, the difficulty of the issues, and the amount recovered." ECF No. 827, at 11 (citations omitted). The magistrate judge then applied her extensive experience and knowledge of the case and the parties. Id. at 12. The court shares the magistrate judge's observations and assessments of this litigation.

Moreover, Best Buy is incorrect that consideration of the result and value of the action is per se error. Indeed, courts may consider the value of the litigation as one factor in determining the reasonableness of attorneys' fees. See Northfield Care Ctr., 707 N.W.2d at 736. This factor is not dispositive, and the court does not mechanically apply a percentage of the award. See id. (finding no abuse of discretion in awarding $14,265 in attorneys' fees for recovery of $3,838.33 in damages); Locke v. Austin, No. 9590, 1999 WL 1034758, at *3 (Mass. App. Div. Nov. 9, 1999). The question is whether a fee is reasonable. Indeed, the court may

find a fee award in excess of damages to be reasonable, and courts have awarded fees far in excess of damages in civil rights cases.

The Supreme Court distinguishes civil rights cases from cases such as the present commercial contract dispute. See City of Riverside v. Rivera, 477 U.S. 561, 575 (1986) ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, *unlike most private law cases*, to depend on obtaining substantial monetary relief." (emphasis added)). In a civil rights case, Congress is concerned that attorneys be compensated for helping vindicate civil rights violations "of the highest importance." Id. (citation omitted). Victims of civil rights violations "ordinarily cannot afford to purchase legal services at the rates set by the private market." Id. at 576 (citation omitted). Moreover, civil rights cases often do not involve monetary award. In this case, Best Buy compares the ability of a public interest attorney to vindicate the rights of an indigent client with its own ability to vindicate its contractual rights. ECF No. 828, at 4. The court rejects this frivolous argument, and overrules this objection.

### 3. Reasonable Time

This action ended as it began: as a simple breach of contract claim by a tenant against its commercial landlords. The action posed a single question of contract interpretation: do the leases

10

allow defendants to charge Best Buy for programs that are not commercial insurance, namely the first-dollar and captive coverage programs? Along the way, Best Buy amended the complaint five times to expand the action to include claims of fraud and breach of fiduciary duty — tort claims with a much greater potential for damages.[5]  Having carefully reviewed the voluminous single-spaced billing entries submitted by counsel for Best Buy, and having observed the parties for the last five years, the court finds that the magistrate judge correctly determined that the request must be reduced.

In calculating the reasonable number of hours expended by a lawyer, the court excludes "excessive, redundant or otherwise unnecessary" hours.  Hensley, 461 U.S. at 434.  Fifty professionals, including twenty-eight different lawyers and paralegals at two different law firms worked on the case for Best Buy.  Such diffusion of work inevitably results in inefficiency and redundancy of effort.  Many hours are billed for communication between the two main partners at the different law firms.  Best Buy does not explain the need for the active participation of counsel

---

[5] Although, "a [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent overcoming its vigorous defense," Weitz Co. v. MH Washington, 631 F.3d 510, 530 (8th Cir. 2011), it is also true that a plaintiff controls the nature of the claims to which a defendant must respond.  In this case, Best Buy cannot hide behind the vigorous defense it forced defendants to mount in response to its addition of fraud claims.

11

in both Connecticut and Minnesota. Both law firms appear well-qualified to handle this case. Other than "exigencies," Best Buy does not explain the need for six different partners, eight different associates, three different staff attorneys and eleven different paralegals. Several billed between 0.2 and 5 hours to the case. Best Buy has not demonstrated that such contributions to the case are anything more than minimal.

As to those who billed more substantial hours, the court recognizes that some change in personnel is inevitable over the course of a five-year litigation, however, the records submitted confirm the impression of the court throughout this litigation that the case was overlawyered. Further, over half of the hours were billed by three partners with the highest fees.[6] These hours included many research and drafting tasks typically performed by less-expensive associates. Simply, the number of hours billed vastly exceeds the number required in this litigation, and reduction to 2500 hours — which is at the upper end of reasonable — is warranted, without regard to degree of success or value.

The degree of success achieved provides an additional reason why the fee must be reduced. See, e.g., Hensley, 461 U.S. at 434 ("If ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a

---

[6] Other than the fee of a named partner of Robins, Kaplan Miller and Ciresi, who performed seven hours of work on the case.

whole times a reasonable hourly rate may be an excessive amount.") (civil rights context).  In this case, Best Buy prevailed only on its breach of contract claims against the landlord defendants.  The court dismissed, or Best Buy abandoned, its tort claims of fraud and breach of fiduciary duty.  Further, Best Buy failed in its attempt to add punitive damages to the action.

All of the failed claims carried the potential for much greater monetary damages than the contract claims.  Although the contract and tort claims arose from the same common facts, it is evident that by prevailing only on the contract claims Best Buy achieved a small fraction of the damages it sought through its amended complaints.  Therefore, although the tort and contract claims were related, they are not so intertwined that they are mere alternative legal grounds.  Indeed, Best Buy acknowledges that the "primary goal" of the litigation was purely contractual: "a determination that Defendants' First Dollar and Captive Insurance Programs may not be billed to Best Buy under the terms of the Leases."  ECF No. 697, at 5.  Therefore, the limited success of Best Buy is an additional reason why its fee request is unreasonable, and the court overrules this objection.

**B.   Costs**

Best Buy next objects to the magistrate judge's recommendation regarding costs.  Best Buy first argues that the magistrate judge erred by determining that it had not provided sufficient evidence

13

why the use of, and $80,000 in costs for, the experts in ECF No. 752, Ex. J were reasonable.  Specifically, Best Buy notes that it spent $20,014.76 for depositions noticed by defendants, and argues that the opinions of the experts were necessary to its case.  The court agrees with the magistrate judge that Best Buy has not demonstrated that these experts provided necessary opinions or that their costs were reasonable.  A total of $25,000 — which includes the costs of defendants' depositions — is reasonable.  Therefore, the court overrules this objection.

Best Buy also argues that the magistrate judge erred by failing to order the Clerk to tax additional costs for six expedited transcripts.  The court agrees with the magistrate judge that Best Buy has not provided sufficient reasons why these depositions were even needed or what information came out such that an expedited transcript was required.  Therefore, the court overrules this objection.

### C.   Allocation of Costs and Fees

Best Buy also objects to the allocation of the costs and fees to each landlord defendant, and argues that each landlord defendant should be held jointly and severally liable for the costs of the entire litigation.  In general, liability for costs and fees is joint and several, unless equity otherwise dictates.  See Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002). Best Buy raises no new arguments in its objection, and the court

concurs with the analysis of the magistrate judge that apportionment of costs and fees is appropriate in this case. The assertion by Best Buy that its costs and fees would have been the same if there had not been multiple defendants in multiple states with different leases is without merit. Therefore, the court overrules this objection.

### III.  Objections by Defendants

#### A.  Costs and Fees for Tort Claims

Defendants object to the award of costs and fees related to the fraud and breach of fiduciary duty claims by Best Buy. Defendants argue that the lease provisions do not allow recovery of costs or fees in tort. The court disagrees. The magistrate judge properly determined that the expense-shifting "default" provisions encompass the fraud and breach of fiduciary duty claims of Best Buy. Therefore, this objection is overruled.

#### B.  Contractual Costs Beyond 28 U.S.C. § 1920

Defendants next object to the award of costs against the five defendants whose leases contain cost-shifting provisions. Costs are only allowed under § 1920, absent explicit contractual or statutory authorization. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Here, the cost-shifting provisions in five of the leases become meaningless if they do not allow costs in excess of those automatically allowed by § 1920. Therefore, the

court agrees with the analysis of the magistrate judge and overrules the objection.

### C.   Official Code of Georgia § 13-1-11

Defendants also object to the determination that § 13-1-11 does not limit attorneys' fees in the leases governed by Georgia law. Defendants argue that the magistrate judge erred in determining that the payments for the first-dollar and captive-coverage programs were not "matured debts." The court agrees with defendants, and finds that § 13-1-11 applies to fees under the Turner Hill and JDN Douglasville leases. See Level One Contact, Inc. v. BJL Enterprises, LLC, 699 S.E.2d 89, 93 (Ga. Ct. App. 2010) (citing RadioShack Corp. v. Cascade Crossing II, 653 S.E.2d 680 (Ga. 2007)). Therefore, the court sustains this objection. As a result, Turner Hill and JDN Douglasville are liable for fees equal to 15% of the first $500 in principal and interest and 10% of principal and interest in excess of $500. See Ga. Code Ann. § 13-1-11(a)(2). Accordingly, the court amends[7] Appendix B of the report and recommendation as follows:

---

[7] The court also corrects minor calculation errors caused by rounding the percentage of liability.

16

## APPENDIX B[8]
## ALLOCATION OF ATTORNEY FEE LIABILITY

| Defendant Landlord | Individual Liability under June 8, 2010 & November 4, 2010 Judgments | Proportion of Total Liability Under Judgments *(percentage of individual defendant's liability compared to total $1,124,749.66 in judgments)* | Allocation of Reasonable Fee Liability *(percentage applied to $815,500 in reasonable fees)* |
|---|---|---|---|
| Ahwatukee | $ 100,269.85 | 8.91% | $ 72,700.68 |
| Spring Creek | $ 74,600.42 | 6.63% | $ 54,089.05 |
| Flatiron | $ 21,915.46 | 1.95% | $ 15,889.81 |
| JDN | $ 43,946.08 | 3.91% | $ 4,419.61 |
| JDN Overlook | $ 51,003.84 | 4.53% | $ 36,980.35 |
| Turner Hill | $ 54,646.98 | 4.86% | $ 5,489.67 |
| Salisbury | $ 18,519.67 | 1.65% | $ 13,427.69 |
| Shoppers World | $ 148,190.44 | 13.18% | $ 107,445.51 |
| Riverdale | $ 76,828.30 | 6.83% | $ 55,704.38 |
| Nassau Park | $ 138,180.59 | 12.29% | $ 100,187.87 |
| Wrangleboro | $ 70,027.77 | 6.23% | $ 50,773.65 |
| Boulevard | $ 61,807.72 | 5.50% | $ 44,813.70 |
| Cool Springs | $ 88,624.28 | 7.88% | $ 64,257.06 |
| Lakepointe | $ 61,533.99 | 5.47% | $ 44,615.23 |

## CONCLUSION

Based on the above, the court finds the report of the magistrate judge well-reasoned, correct and thorough. Accordingly, **IT IS HEREBY ORDERED**[9] that:

1. The objections of Best Buy [ECF No. 828] are overruled;

---

[8] Great Northern lease does not contain expense-shifting provisions.

[9] A separate judgment document is not required. See Fed. R. Civ. P. 58(a)(3).

2. The objections of defendants [ECF No. 830] are sustained in part:

    a. The objections to award of costs and fees for tort claims are overruled;

    b. The objection to costs in excess of 28 U.S.C. § 1920 is overruled;

    c. The objection to the failure to apply Official Code of Georgia § 13-1-11 is sustained as to Turner Hill and JDN Douglasville and overruled as to JDN Overlook;

3. The court adopts the report and recommendation, as modified to reflect application of § 13-1-11 and with the changes to Appendix B in accordance with this order;

4. The motion for costs [ECF No. 749] is granted, and Best Buy is awarded costs separately against the defendants as indicated in Appendix D of the report and recommendation;

5. The motions for attorneys' fees [ECF Nos. 756, 815] is granted, and Best Buy is awarded attorneys' fees separately against the defendants as indicated in Appendix B — as modified herein.

6. The motion for review of the cost judgment [ECF No. 793) is granted in part, and the cost judgment of August 12, 2010, is

modified to include another $98.63 in costs, for a total cost judgment of $50,829.35.

Dated:  April 4, 2011

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court